# Central of Georgia Railway Co. v. Joseph.

*Action against a Railroad Company for Failure to Deliver Baggage which was Checked over its Road.*

1. *Pleading and practice; ruling upon motion to strike pleading will not be reviewed on appeal unless shown by bill of exceptions.*—The rulings of the trial court upon motions to strike from the files certain pleadings, can not be reviewed on appeal unless such motions and the rulings thereon are presented by the bill of exceptions.

2. *Same; when general demurrer properly overruled.*—Under the statute requiring that the ground of a demurrer should be specifically stated, a demurrer to an amended complaint, which was amended by the addition of another count, upon the ground "that there is a misjoinder of causes of action," is properly overruled, because of its being too general.

3. *Same; not necessary for an interpreter to be able to read the English language.*—Where a witness who is examined upon the trial of a cause is a foreigner and unable to speak or understand the English language, a person who can speak and understand both the English language and the language of the foreigner, and is able to translate the questions propounded to the witness in the foreign language, so as to enable the witness to understand them, and to translate the witness' replies into English so that the court and jury can understand them, is competent to act as an interpreter; and it is no objection to the competency of such a person that he is unable to read the English language.

4. *Corporations; when knowledge or information of agent binding upon corporation.*—A corporation, like an individual, may be bound by the knowledge or information of its agents; but in order for this to be done, it is necessary that such knowledge or information should have been acquired by the agent while transacting the business of the corporation and in line of his duty and information acquired by an agent while engaged in a transaction outside of the line of his duty and of a purely personal matter, is not binding upon the corporation.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

This action was brought by the appellee against the appellant, claiming of the defendant $100 damages for the failure to deliver a valise and its contents, which was checked by the plaintiff over the defendant's line. The suit was instituted in a justice of the peace court.

The complaint as originally filed claimed the sum of one hundred dollars for "failing to deliver one valise and contents, which was delivered to the defendant corporation on March 12, 1898, and was checked to Opelika." After the cause was appealed to the circuit court the plaintiff, against the objection of the defendant, added another count to the complaint, which count claimed "the sum of one hundred dollars damages for failing to deliver one valise and its contents, which was delivered to said defendant by plaintiff at Seale, Ala., March 12, 1896, and which was to be carried to Opelika, Ala., and for which defendant's agent at Seale, Ala. whose name is unknown to plaintiff, delivered to plaintiff defendant's check therefor, and undertook to carry safely and deliver to plaintiff said valise and its contents at Opelika, Ala., and plaintiff alleges that on said day and before having said valise "checked," she purchased a ticket from Seale to Opelika and on said day became and was a passenger on a train run and operated by defendant's employes, and that after she reached Opelika, she presented said check and asked for said valise, but said defendant failed to deliver same to her, to her damage and loss in the sum of one hundred dollars, which she now sues to recover."

The defendant moved the court to strike the proposed amendment from the file, on the ground that it was a departure from the original cause of action. This motion was overruled. The defendant then interposed the following demurrer: "Comes the defendant and demurs to the complaint in this cause, as amended, because there is a misjoinder of causes of action therein." This demurrer was overruled. Thereupon the defendant filed the following pleas: "1. The general issue. 2. And for further answer to said complaint, defendant says that

[Central of Georgia Railway Co. v. Joseph.]

the plaintiff ought not to have and maintain her said suit because the articles carried in said valise, for the loss of which this suit is brought, were not the personal baggage of the plaintiff, but consisted of articles of merchandise carried by her for sale to the public. 3. And for further answer to said complaint defendant says that it received said valise, for the loss of which this suit is brought, in the usual course of business at Seale, Ala., a station on defendant's road, and carried the same safely to Opelika, Ala., another station on defendant's road, to which point it was checked, and placed the same in its baggage room, which was the usual place for storing baggage, and which was the proper place to deposit said valise; that said baggage was not called for by plaintiff for more than twenty-four hours after it was so placed in said baggage room, she having received a check therefor, and said baggage was taken from said baggage room by some person unknown to defendant."

To the second plea the plaintiff filed a replication, in which she averred "that the defendant accepted said valise with the knowledge of the character of its contents and gave the plaintiff a check therefor."

To the third plea the plaintiff demurred upon the grounds that the facts stated therein present no defense to the action, and that there was no duty which rested upon or law requiring plaintiff to remove or call for said valise within twenty-four hours. This demurrer was overruled. Issue was joined upon the first and third pleas and the replication to the second plea. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence the defendand requested the court to give the general affirmative charge in its behalf, and duly excepted to the court's refusal to give the charge as asked.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

THOS. G. & CHAS. P. JONES and ALEX C. BIRCH, for appellant.—A carrier is not bound to inquire as to the

nature of the property, *but may assume that it contains only such things as are properly baggage.—Harris v. C. & S. R. R.,* 29 Minn. 160; 12 N. W. Reporter, 447. There was proof by both plaintiff and the agent of the defendant that the valise was an ordinary one, such as would be usually used for taking personal baggage, and there was nothing unusual about its appearance. The plaintiff further testified that she had two valises and was selling jewelry and trinkets at Seale, Ala. None the things for which plaintiff sued were baggage.—*Collins v. B. & M. R. R.* 10 Cushing, 506; *Blomonthal v. Maine Central,* 34 A. & E. R. R. Cases, 247; *McCormick v. Hudson River Railroad,* 4 E. D. Smith, (N. Y.) 181; Note in 34 Am. Reports, p. 379.

A corporation, like an individual, may be bound by knowledge or information given to its agents, but this must be limited to such knowledge or information as comes to them in transacting the business of the master, and is not to be extended to information which he receives outside of the line of his duty, or while engaged in the transaction of his purely personal business.— *Frankel v. Hudson,* 62 Ala. 158 and authorities cited on p. 173; *Goodbar, White & Co. v. Daniel,* 88 Ala. 590; *Wheeler v. McGuire* 86 Ala. 407. The burden is on the person seeking to charge the defendant, to show that the agent was acting as such at the time relied on.—*Barker v. Bile,* 37 Ala. 354; *Gilman v. R. R. Co.,* 72 Ala. 566; *Stickney v. Adler,* 91 Ala. 198.

JOHN W. A. SANFORD, JR., *contra,* cited *Goetter v. Smith Bros.,* 104 Ala. 481; *Chambliss v. Mary L. C. & R. R. Co.,* 104 Ala. 655; *Hudson v. Bauer G. Co.,* 105 Ala. 200; *L. & N. R. R. Co. v. Baker,* 106 Ala. 624; *Home Co. v. Whilden,* 103 Ala. 203.

TYSON, J.—This action was commenced in a justice court upon a complaint in which the plaintiff claimed the sum of one hundred dollars of the defendant for "failing to deliver one valise and contents, which was delivered to said defendant corporation on March 12, 1898, and was checked to Opelika." After the case was

appealed to the circuit court, the plaintiff amended her complaint by adding another count. The judgment entry recites that the defendant objected to the filing of the amendment, and the "court overruled said objection." No exception appears to have been reserved to this ruling of the court. The judgment entry also recites: "Thereupon defendant, by counsel, moves the court to strike the amended complaint, which said motion to strike be and is hereby overruled by the court." No exception was reserved by the defendant to this ruling. The record sets forth, as a part of the proceedings had in the cause, what purports to have been the objections of the defendant to the filing of the amendment and also the motion to strike the proposed amendment from the file. But neither the objections nor the motion and the rulings of the court thereon, appear in the bill of exceptions. The failure to reserve an exception to the ruling of the court, and to present the objections or motion to strike and the rulings thereon, with the exception to the action of the court with respect thereto, by the bill of exceptions, is fatal to the right of the appellant to have the rulings of the court overruling them reviewed.—*Holly v. Coffee*, 123 Ala. 406; *Cottingham v. Greely Barnham Grocery Co.* 123 Ala. 479.

The assignment of demurrer to the complaint as amended, "because there is a misjoinder of causes of action," was properly overruled because of its generality.—Code, § 3303; *Cook v. Rome Brick Co.*, 98 Ala. 409; 3 Brick. Dig., 705, §§ 65-84.

The plaintiff was an Armenian and understood their language, but could not speak nor understand the English language. Upon this being made known to the court, an Armenian, who could speak and understand both the language of the Armenians and the English language, was sworn as an interpreter, through whom, as such, the examination of the plaintiff, as a witness, was conducted. The record shows that this interpreter sufficiently understood the two languages to translate the questions propounded to the witness in English into the Armenian language, so as to enable the witness to understand them, and to translate the witness's re-

plies into English, so that the court and jury understood them. During the examination of the witness, and after it had progressed at some length, it was made to appear that the interpreter could not read the writing on a slip of paper shown him, on which was written in English a list of the articles contained in the valise. Thereupon the defendant objected to his competency on this ground. The list not having been made by the witness (plaintiff) was not competent to be introduced in evidence. Furthermore, the writing on it being in English, it needed no interpretation for it to be understood by the court and jury trying the cause. Had the list been written in the Armenian language and been competent evidence in the case, and the interpreter had been called upon to translate it into English, and had been unable to do so, then perhaps the question of his competency as such might have arisen. But when it was shown that he was qualified to perform the office of interpreter of translating the two languages so as to make the questions asked the witness intelligible to her, and her responses intelligible to the court, we are unable to discover any objection to his being allowed to do so.

The cause was tried upon the complaint as amended, pleas 1, 2 and 3 filed by the defendant and special replication filed by the plaintiff to the defendant's special plea No. 2.

As the pivotal point in this case is involved in the issue presented by plea 2 and the special replication thereto, we will only advert to the issue made under them. Plea 2 avers that the articles carried in the valise, for the loss of which this suit is brought, were not the personal baggage of the plaintiff, but consisted of articles of merchandise carried by her for sale to the public. The special replication alleges that the defendant accepted said valise with a knowledge of the character of its contents and gave plaintiff a check therefor. The evidence is without dispute that the plaintiff purchased a ticket from the defendant's agent at Seale, to Opelika; that her valise was checked by the agent to Opelika after she bought the ticket, and put upon the

train that carried the plaintiff to that point. It is also an undisputed fact that the valise contained only articles of merchandise carried by the plaintiff for sale, and no wearing apparel.

The facts upon which the plaintiff relies to show knowledge upon the part of the defendant of the character of the contents of the valise, as testified to by her, are these: That shortly before the purchase of the ticket she opened the valise in the sitting room of the station house and took from it two pairs of sleeve holders, which she sold to the defendant's agent, from whom she afterwards purchased the ticket and who checked the valise. That when she opened the valise and took the sleeve holders out of it the agent was present and saw what it contained. That when she got ready to buy the ticket the agent went to the ticket office and sold her the ticket. The agent was examined as a witness and denies any knowledge of the contents of the valise or that he saw what it contained. But this is immaterial under our view of the law. It will be observed that it is not pretended that the agent was transacting any business for the defendant at the time he purchased the sleeve holders. This court judicially knows that he was not. *Gilliam v. S. & N. A. R. R. Co.*, 70 Ala. 268. A corporation, like an individual, may be bound by knowledge or information given its agents, but this must be limited to such knowledge or information as comes to the agent in transacting the business of his principal and is not to be extended to information or knowledge acquired by the agent which he receives outside of the line of his duty or while engaged in the transaction of his purely personal affairs. This principle is too thoroughly established and has been too long settled as a rule of law by the decisions of this court to now admit of controversy.—*Frankel v. Hudson*, 82 Ala. 158; *Goodbar, White & Co. v. Daniel*, 88 Ala. 583; *Reid v. Bank of Mobile*, 70 Ala. 199; *Wheelan v. McCreary*, 64 Ala. 319; *N. Y. and Ala. Con. Co. v. Selma Sav. Bank*, 51 Ala. 305; *Hinton v. Citizens Mut. Ins. Co.*, 63 Ala. 488; *Terrell v. The Branch Bank of Mobile*, 12 Ala. 502.

The affirmative charge requested by the defendant

[Cox *et al.* v. Birmingham Dry Goods Co. *et al.*]

should have been given. The refusal of other charges requested by the defendant is also assigned as error, but it is unnecessary to consider them.

Reversed and remanded.