## Gulf Yellow Pine Co. *v.* Urquhart.

*Trover and Trespass Quare Clausam.*

Decided July 2, 1907.    44 South. 555.)

*Action; Joinder; Trover and Trespass.*—Section 3293, Code 1896, does not authorize the joinder in a complaint of a count in trover for the conversion of certain trees and a count in trespass quare clausam fregit for damages to land by cutting the trees.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Nancy Urquhart against the Gulf Yellow Pine Company. The first count is trover for conversion of 146 pine trees, the second count for damages to certain land by cutting certain trees, and count 3 is also for entry and cutting. Demurrers were interposed, setting up a misjoinder; but these demurrers were overruled. Issue was joined on the general issue and a special plea not necessary to be here set out, and resulted in a verdict for the plaintiff in the sum of $50; and the defendant appeals. Reversed and remanded.

W. O. MULKEY, for appellant.—There was a misjoinder of causes of action in the complaint, not author-

ized by section 3293, Code 1896.—*Higdon v. Kennamer,* 120 Ala. 193. Charges 3 and 4 should have been given.— *Southern Bell T. & T. Co. v. Franklin,* 109 Ala. 231.

R. P. COLEMAN, and ESPEY & FARMER, for appellee.— No brief came to the Reporter.

ANDERSON, J.—While section 3293 of the Code of 1896 authorizes the joinder of trespass and trover, it is only permissible when they relate to the same subject-matter." In the case at bar one count is in trover for the conversion of certain logs, and the other is trespass quare clasum fregit, and not trespass de bonis aspor-tatis. It is difficult to conceive an instance when trover and trespass quare clasum fregit can relate to the same subject-matter. The former is for the conversion of personal property, and the latter is for the unlawful or unauthorized entry on land, or for a violent and forcible injury to real property; the measure of damage being the diminution in the value of the realty. On the other hand, there are many instances when trover and trespass de bonis asportatis would relate to the same subject-matter, and would fall under the influence of the statute authorizing a joinder, but which does not authorize a joinder of trover and trespass quare classum fregit, for the reason that they are so dissimilar that they cannot relate to the same subject-matter. It is true there is an averment that the "wrongs complained of in each count relate to the same subject-matter"; but this is a mere conclusion, and the counts upon their face do not relate to the same subject-matter. One relates to an injury to realty alone, and one to a conversion of personal prop-erty. The trial court erred in not sustaining the demur-

rer to the amended complaint, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.