# Gulf Yellow Pine Lumber Co. *v.* Monk

*Trespass Quare Clausum Fregit and Trover.*

(Decided Dec. 19, 1907.  45 South. 223.)

1. *Action; Joinder; Trespass and Trover.*—Trespass quare clausum fregit and trover cannot be joined.

2. *Bill of Exceptions; Signing; Time.*—Where twenty days was allowed from the adjournment of the court, for signing the bill of exception and the bill of exceptions was signed more than twenty days after the date of the order granting the time, and it is not shown when the court adjourned, such bill of exceptions cannot be considered.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by H. M. Monk against the Gulf Yellow Pine Lumber Company.  From a judgment for plaintiff, defendant appeals.  Reversed and remanded.

H. M. Monk sued the Gulf Yellow Pine Lumber Company for trespass for entering upon certain lands described in the complaint, and for trover by it for the conversion of 115 pine trees, the property of the plaintiff. It is alleged in the complaint that both counts refer and relate to the same subject-matter.  The first ground of demurrer interposed was that the first count was in trespass and the second in trover, and it was not shown that they related to the same subject-matter; second, that trespass quare clausum fregit and trover cannot be joined in the same complaint.  These demurrers were overruled, and on issue joined on the general issue there was verdict and judgment for plaintiff in the sum of $88.59. The other facts sufficiently appear in the opinion.

W. O. MULKEY, for appellant.  Under the special provisions of section 3293, Code 1896, trespass and trover

[Gulf Yellow Pine Lumber Co. v. Monk].

may be joined in the same complaint, but only when they relate to the same subject matter. Trespass quare clausum fregit and trover cannot be joined in the same action.—*Higdon v. Kennemar,* 120 Ala. 193. The court erred in giving the general charge for the plaintiff, for the reason that the evidence was in direct conflict as to whether or not defendant cut any trees less than 12 inches at the stump, and for the further reason that under the deed the plaintiff was not entitled to recover in this form of action, as the deed conveys absolutely all the merchantable timber on the land.—*Zimmerman Mfg. Co. v. Daffin,* 42 South. 858.

R. P. COLEMAN, and ESPEY & FARMER, for appellee. No brief came to the Reporter.

McCLELLAN, J.—The complaint, after amendment, contained two counts, viz., one in trespass quare clausum fregit and one in trover. For the reasons sets forth in *Gulf Pine Co. v. Urquhart,* 151 Ala. 452, 44 South. 555, the demurrer, taking the point of misjoinder, should have been sustained.

The order of the court granted the defendant (appellant) 20 days from the adjournment thereof to have signed its bill of exceptions. It does not appear anywhere in the transcript when the court adjourned; and the date on which the purported bill was signed was more than 20 days after the date on which the court granted the 20 days mentioned. Hence the bill cannot be considered.—*Anniston Elec. & Gas Co. v. Cooper,* 136 Ala. 418, 34 South. 931.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.