# Central of Ga. Ry. Co. *v.* Courson.

## *Loss of Baggage.*

(Decided December 18, 1913. Rehearing denied June 11, 1914. 65 South. 698.)

1. *Appeal and Error; Review; Presumptions.*—There is no presumption on appeal that requested charges were refused because not requested at the proper time.

2. *Carriers; Baggage; Liability.*—A carrier's liability for a passenger's baggage does not extend to things in a trunk which may not be classed or carried as baggage.

3. *Same; What Is.*—Quilts, feather pillows, bed ticking, pillow cases and sheets intended for the use in and about the passenger's housekeeping when he reached his destination, are not baggage, although contained in a trunk, and hence, a common carrier would not be liable for their loss as baggage.

APPEAL from Russell Circuit Court.

Heard before Hon. M. SOLLIE.

Action by T. M. Courson against the Central of Georgia Railway Company for damages for loss of baggage. Judgment for plaintiff and defendant appeals. Rehearing granted, and the former judgment for plaintiff vacated, and the cause reversed and remanded.

G. L. Comer, for appellant. The court erred in refusing charge 1.—*C. of G. v. Foster*, 175 Ala. 313; 10 Cush. 506; 33 A. & E. R. R. cases, 247; 34 Am. Rep. 379; 60 L. R. A. 386; Dec. Dig. sec. 390-392. On these authorities the court below erred in refusing to give charges 3, 4, 5 and 8.

J. W. Kelly and Glenn & de Graffenried, for appellee. No brief reached the Reporter.

WALKER, P. J.—Under the ruling made in this case by the Supreme Court, the presumption may not be indulged that the charges requested by the defendant were refused because they were not requested at the proper time.—*Central of Georgia Ry. Co. v. Courson*, 65 South. 179. It follows that the appellant's application for a rehearing must be granted, and the judgment heretofore rendered by this court on the pending appeal is vacated.

Each of the counts of the complaint seeks to enforce the contract liability incurred by the defendant as a common carrier by its sale of a ticket to the plaintiff as a passenger and the issuance to him of a check for a trunk delivered as baggage. There was no evidence tending to prove that the defendant knew or was informed of what the trunk contained. Its liability as a common carrier for the passenger's baggage did not extend to things in the trunk which were not baggage. The undisputed evidence was to the effect that the quilts, feather pillows, bedticking, pillow cases, and

sheets which were in the trunk were intended by the plaintiff for use "in and about his housekeeping when he reached his home." There was no evidence tending to prove that it was in the contemplation of the plaintiff to make use of any of those articles at any stage of his journey. They were intended for use only in his home after his journey was ended. This being true, they were not baggage, and as to them the defendant was not subject to the liability with which it was sought to be charged. This conclusion as to such articles intended only for uses having no connection with the passenger's journey is so supported by authority that further discussion of the question is deemed to be superfluous.—*Central of Georgia Ry. Co. v. Joseph,* 125 Ala. 313, 28 South. 35; *Yazoo & Mississippi Valley R. Co. v. Blackmar,* 85 Miss. 7, 37 South. 500, 67 L. R. A. 646, 107 Am. St. Rep. 265; *Blumantle v. Fitchburg R. Co.,* 127 Mass. 322, 34 Am. Rep. 376; *St. Louis, Iron Mountain & Southern Ry. Co. v. Miller,* 39 L. R. A. (N. S.) 634, note; 3 Hutchinson on Carriers (3d Ed.) §§ 1242-1244; 6 Cyc. 666.

The court erred in refusing to give charges 1, 2, 3, 4, and 5 requested by the defendant.

Reversed and remanded.