## Snead v. Patterson.

### Damages for Removal of House.

(Decided November 7, 1914.   66 South. 664.)

1. *Pleading; Joinder; Statutory Provision.*—Under the provisions of section 5329, Code 1907, a complaint containing two counts, one in detinue and the other in trover, may be amended by adding counts claiming damages for injury to the freehold by the removal of a house therefrom.

2. *Charge of Court; Directing Verdict.*—Where there was evidence supporting the cause of action alleged in each count of the complaint on which the trial was had, the defendant was not entitled to have a verdict directed for him.

3. *Evidence; Possession of Land; Conclusion.*—Where the suit is for damages for the removal of a house from land, plaintiff may prove that he was in possession of the land, as against the objection that the testimony was a conclusion.

4. *Same; Ownership of Personalty.*—Under the rule that a witness may testify as to the ownership of personal property when the title is involved, one suing for the removal of a house from his land may testify that the house is his.

5. *Lis Pendens; Purchase Pending Suit.*—One suing for the removal of a house from his land, may introduce in evidence a judgment in ejectment to show his right to possession of the land as against a third person through whom defendant claims, where the judgment was rendered after the removal of the house purchased by defendant pending the ejectment suit.

6. *Appeal and Error; Harmless Error; Evidence.*—Where the action was for the removal of a house from lands claimed by plaintiff, any error in the admission of evidence as to his possession of or title to the land from which the house was removed, was rendered harmless by the introduction in evidence of a judgment in ejectment showing his right to the possession of the land, as against a third person through whom defendant claims, although the judgment was rendered after the removal of the house purchased by defendant pending the ejectment.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Drew B. Patterson against Jim Snead, begun in detinue and trover, and amended by adding counts for damages for the removal of the house. Judgment for plaintiff, and defendant appeals to the Court of Appeals, the cause being transferred from that court to the Supreme Court under the act creating the Court of Appeals. Affirmed.

CULLI & MARTIN, for appellant.

W. J. BOYKIN, for appellee.

MAYFIELD, J.—The action is one to recover damages for the removal of a house from the lands of the plaintiff.

(1) The original complaint consisted of two counts, one in detinue, for the wrongful detention, and the other in trover, for the wrongful conversion, of the house. The complaint was amended, so that the trial was had on two additional counts, each claiming damages as for injury to the freehold on account of the removal of the house therefrom.

It is insisted by appellant that the addition of these last two counts was not allowable, because a departure was thereby wrought. To this we do not agree. The amendment was allowable under our system of pleading; certainly so under our new statute on the subject (section 5329 of the Code), which provides as follows: "All actions ex delicto may be joined in the same suit, and may be joined with actions ex contractu arising out of the same transaction, or relating to the same subject-matter, and the issues may be determined separately by the jury, and the proper judgment shall be

rendered by the court and the costs fairly appor-
tioned."

All the counts were ex delicto, and, of course, could
have been joined originally; and there was no depar-
ture in adding the last two counts. While the actions
set up in them were real actions, and those in the first
two personal ones, they were all based upon the same
wrongful act, and related to the same subject-matter
and to the same parties, and could therefore be joined
under our statutes. Prior to the adoption of the pres-
ent Code the last two counts probably could not have
been joined; but it is certain that they can be under
the present Code.

There was really but one cause of action alleged in
all the counts, though the form of the action was dif-
ferent. The cause of action upon which all the counts
were based was the wrongful removal of a house from
plaintiff's land. We feel sure the counts were proper-
ly joined, and that there was no departure. While these
various actions could not be joined in one count, they
could be in different counts, even if they had been sep-
arate causes of action.—*A. G. S. R. R. Co. v. Shahan*,
116 Ala. 302, 22 South. 509; Code, § 5329.

(2) There was evidence tending to support the cause
of action alleged in each of the counts on which the
trial was had; consequently there was no error in de-
clining to give the affirmative charge for the defend-
ant.

(3, 4) The trial court properly allowed the plaintiff
to prove that he was in the possession of the land from
which the house was removed. Such evidence was not
objectionable as being a conclusion of the witness.
There was likewise no error in allowing the witness to
testify the house was the plaintiff's. That was a mere
shorthand rendering of the fact. The title to the land

was not involved on this trial; that question arose only incidentally and collaterally. Possession of the land was sufficient to maintain the action, under the issues in this case. A witness may testify as to the ownership of personal property, when the title is involved; and he may do so when the title to the land is not involved, but is merely incidental, as in this case.

(5) There was no error in allowing plaintiff to introduce in evidence the judgment in an ejectment suit, as to the land from which the house was removed. It tended to show the plaintiff's right to the possession of the land as against William Golden, through whose land line the defendant claimed. Golden was a tenant of one Hammett, and the defendant claimed through Hammett, and purchased pending the ejectment suit, so he was privy in title to the defendant in the ejectment suit.

The case of *Carlisle v. Killebrew,* is conclusive on this subject. It is there said: "In our practice, under the statute, it requires two verdicts and judgments for the defendant to bar further suit by plaintiff in ejectment, or the real action in the nature of ejectment.   *   *   * But, where the question of title arises collaterally, as an action for mesne profits, or otherwise, the record of a recovery in ejectment is not only admissible in evidence in favor of the party put in possession under it but is conclusive between the same parties and their privies on the same title as to the question of possession and title."—*Carlisle v. Killebrew,* 89 Ala. 329, 333, 6 South. 756, 6 L. R. A. 617.

(6) If, therefore, there was any error as to the admission of evidence as to the possession of, or title to, the land from which the house was removed, it was cured or rendered harmless by the introduction of this

judgment in ejectment, rendered after the defendant removed the house.

These are all the errors insisted upon, and we find none to reverse.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.