(100 South. 337)

## COX v. AWTRY. (7 Div. 467.)

(Supreme Court of Alabama. April 24, 1924. Rehearing Denied May 29, 1924.)

**1. Action ⊘⊂47—Complaint held demurrable for misjoinder of actions.**

Complaint with counts for corn and timber sold and delivered, joined with counts for cutting and removing timber, in which plaintiff did not aver sale of timber by defendant after its removal and sue in assumpsit for money received by defendant, *held* demurrable for misjoinder of actions ex contractu and ex delicto, not arising out of same transaction within Code 1907, § 5329.

**2. Action ⊘⊂31—Assumpsit for cutting and removing timber not maintainable without averring sale.**

Plaintiff cannot maintain assumpsit for cutting and removing timber from his land by defendant without averring sale thereof by defendant and receipt of money or chattels by defendant therefor and without claiming money so received as price or value of plaintiff's property.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Action by P. H. Awtry against R. C. Cox, for corn and timber sold and timber removed. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Conley Merchant, of Ashville, for appellant.

Counts ex delicto may not be joined with others ex contractu. Code 1907, § 5328 et seq.

Jas. A. Embry, of Ashville, for appellee.

No brief on original hearing reached the Reporter.

MILLER, J. This is a suit by P. H. Awtry, appellee, against R. C. Cox, appellant, on account for corn and timber sold to the defendant by the plaintiff, and for timber moved by the defendant from the land of the plaintiff. There was a judgment by the court based on a verdict of the jury in favor of the plaintiff, from which this appeal is prosecuted by the defendant.

There are seven counts in the complaint as amended, numbered from 1 to 7, both inclusive. The plaintiff withdraws counts 2, 3, and 6. Count 1 is on account for $50 for corn sold by plaintiff to the defendant, with interest. Count 7 is also on account for $190 for corn and timber sold and delivered, with interest.

The defendant demurred to the complaint as amended on the ground of misjoinder of actions, that it contains counts based on actions ex delicto, and they are improperly joined with other counts based on actions which are ex contractu, and it fails to allege or show they all arise out of the same transaction or relate to the same subject-matter. The court overruled the demurrers. Counts 1 and 7 are clearly actions ex contractu. The former is on account for $50 for corn sold to the defendant by plaintiff, and the latter is on account for $190 for corn and timber sold. Count 7 fails to allege the corn and timber were sold by the plaintiff to the defendant; it avers they were sold and delivered to plaintiff, but this defect is not raised by the demurrers. Form 11, p. 1195; section 5382, Code 1907.

Plaintiff in count 4 claims $500 for the "value of timber cut and removed by defendant or his laborers or employés upon following lands [describing them], together with accrued interest thereon." This count fails to allege that plaintiff owned the land or timber or both when the timber was cut and removed from it, but that defect is not presented by demurrer.

[1] Plaintiff in count 5 claims $500 damages for cutting and removing timber from land (describing it), the property of plaintiff —168 red oak cross-ties and 170 white oak cross-ties, the property of plaintiff. Are these counts, 4 and 5, in form actions ex delicto? Has the plaintiff in these counts waived the tort, the trespass, and claimed for the price received by the defendant for the sale of them?

In Fuller v. Duren, 36 Ala. 76, 76 Am. Dec. 318, this court wrote:

"Inasmuch as assumpsit lies only upon a promise, express or implied, and not to recover damages for torts or trespasses, a mere conversion of the goods of the plaintiff, without any sale of them, will not support the action. The doctrine of waiving a tort and bringing assumpsit is confined to cases where the defendant has disposed of the plaintiff's property, and received either money, or some article or thing as money. Pike v. Bright, 29 Ala. 336; Crow v. Boyd's Adm'rs, 17 Ala. 51; Strother's Adm'r v. Butler, 17 Ala. 733. If the property has been sold, it makes no difference whether the price is received in money, or in a chattel at an estimated price, for money. Arms v. Ashley, 4 Pick. 71; Mason v. Waite, 17 Mass. 560; Stewart v. Conner, 9 Ala. 813; Cameron v. Clarke, 11 Ala. 259."

[2] The plaintiff cannot maintain assumpsit for the cutting and removing of his timber from his land by the defendant, without averring a sale thereof by the defendant and the receipt of money or chattels at an estimated price in money by the defendant therefor, and without claiming the money so received by the defendant as the price or value of the property of plaintiff. Howton v. Mathias, 197 Ala. 458, 466, headnote 11, 73 South. 92; Calhoun County v. A. M. C. Co., 152 Ala. 607, 44 South. 876; and authorities, supra.

In counts 4 and 5 the plaintiff does not aver the timber has been cut, removed, and sold for money by the defendant, and sue for the price or money so received by the defendant. In neither count does he waive the tort, the trespass, aver a sale of the timber by defendant, and sue in assumpsit for the money received by the defendant for it from the sale. In count 4 he sues for the value of the timber cut and removed by defendant, and in count 5 he sues for damages for the cutting and removing of the timber, and in neither count does he aver a sale of the timber by the defendant after its removal, and sue in assumpsit for the money received for it by the defendant. So, from the facts alleged in counts 4 and 5, we must hold the plaintiff thereby is attempting in each count to recover in the form of an action 'ex delicto, and not in the form of an action ex contractu. Whilden v. M. & P. Nat. Bk., 64 Ala. 1, headnote 2, 3, 38 Am. Rep. 1; Lee v. Raiford, 171 Ala. 124, 54 South. 543; and authorities, supra.

Actions ex delicto may be joined with actions ex contractu, arising out of the same transaction or relating to the same subject-matter. Section 5329, Code 1907.

Counts 4 and 5, in form, are intended as actions ex delicto. They do not appear from the complaint to have any connection with the transaction or to relate to the same subject-matter mentioned in counts 1 and 7, which are intended as actions ex contractu. So the court erred in overruling the grounds of demurrer mentioned to the complaint as amended. They should have been sustained.

We will not discuss and pass on the other errors assigned. They will hardly arise on another trial; if so, they will be presented differently.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.