160 So. 336

### FINDLAY et al. v. HARDWICK.
### 2 Div. 51.

Supreme Court of Alabama.
Feb. 28, 1935.

Rehearing Denied March 28, 1935.

Jones & Dominick, of Tuscaloosa, for appellee.

Tom B. Ward and J. Monroe Ward, both of Tuscaloosa, and S. F. Hobbs, of Selma, for appellants.

BROWN, Justice.

This action was commenced by the appellee, Georgia Hardwick, and her husband, William G. Hardwick, on November 2, 1933, against appellants, John H. Findlay and Lenna J. Findlay, the complaint embodying five counts.

Before the case was submitted, the complaint was amended by striking out William G. Hardwick as party plaintiff, thus leaving Georgia Hardwick as the sole plaintiff.

The first count was statutory ejectment in Code form (an action in the nature of an action in ejectment, Code 1923, § 7453) for the recovery of the possession of the N. E. ¼ of the S. E. ¼ of section 19, township 23, range 5 east, in Hale county; the second, trespass de bonis asportatis, for the wrongful taking of one bale of cotton and sixty bushels of corn grown during the year 1933 on said lands described in count 1; the third count was in trover for the conversion of said cotton and corn; the fourth in detinue for the recovery of the possession of the cotton and corn; and the fifth in case for the destruction of the landlord's lien on the cotton and corn alleged to have been grown on the lands by.Frenshaw Steele during the year 1933.

The defendants demurred to the complaint because: "1. There is a misjoinder of parties defendant to said cause. 2. There is a misjoinder of causes of action in said suit. 3. There is a misjoinder of causes of action in that the causes of action set up in said complaint do not arise out of the same transaction."

■ The demurrers were overruled, and properly so. The first and second grounds were not sufficiently specific. Code 1923, § 9479; Central of Georgia Railway Co. v. Joseph, 125 Ala. 313, 28 So. 35.

■ The statute, Code 1923, § 9467, authorized the joinder of all actions ex delicto of the same nature—that is, personal actions—in the same suit, but in separate counts, whether they arose out of the same transaction or not. Bridwell v. Brotherhood of Railroad Trainmen et al., 227 Ala. 443, 150 So.

338; Ballenger v. Ballenger, 205 Ala. 595, 88 So. 826.

It is only where the plaintiff seeks to join counts ex delicto with counts ex contractu that it must appear from the averments of the complaint that the cause of action arose "out of the same transaction or related to the same subject-matter." Western Ry. of Alabama v. Hart et al., 160 Ala. 599, 49 So. 371, 375; Cox v. Awtry, 211 Ala. 356, 100 So. 337.

All the counts were ex delicto; therefore the third ground of demurrer was not well taken.

■ The statutory action in the nature of ejectment is a mixed action partaking of the nature of actions in rem and also in personam. It partakes of an action in rem in so far as the court undertakes to determine the title and deliver through its process the possession of the land, and in personam in so far as it is a remedy for reparation in damages, as for "mesne profits and damages for waste, or any other injury to the lands, as the plaintiff's interests in the lands entitled him to recover, to be computed up to the time of the verdict." Code 1923, § 7453; Woolf v. McGaugh, 175 Ala. 299, 57 So. 754; Walker's American Law (11th Ed.) p. 569, § 264.

Gulf Yellow Pine Co. v. Urkuhart, 151 Ala. 452, 44 So. 555, dealt with a joinder of trespass and trover under section 3293 of the Code of 1896, which provided that "Counts in trover, trespass and trespass on the case may be joined, when they relate to the same subject-matter." While that statute is a predecessor to section 9467 of the present Code, it was revised to speak its present language in bringing it forward into the Code of 1907 as section 5329.

In a later case, Snead v. Patterson, 190 Ala. 43, 66 So. 664, it was held, that counts in detinue, trover, and trespass quare clausum fregit were properly joined, and in the course of the opinion the trespass counts were characterized as "real actions." That characterization appears to have been a mere inadvertence not necessary to a decision of the question presented, and is contrary to the express holding in Woolf v. McGaugh, supra, where the character of the action, trespass quare clausum fregit, was directly involved and necessarily decided. It is also contrary to the unanimous authority on the subject. Walker's American Law, supra; 63 C. J. p. 964, § 127.

■ Looking to the predecessors of the present statute, section 9467, they clearly dealt with personal actions, and, when this statute

is considered in the light of its history, it is apparent that it was not the legislative intent in its revision to authorize the joinder of a personal action with the action of ejectment or the statutory action in the nature thereof.

The trial was before the court sitting without a jury.

It appears without dispute that Narcilla White is the common source of the title to the land in controversy; this is conceded in appellants' brief. It is also conceded that said Narcilla White, up to the year 1903, owned that portion of the N. E. ¼ of the S. W. ¼ of section 19, township 23, range 5 east, in Hale county, lying north of Baptist creek, consisting of about twenty acres, and the N. W. ¼ of the S. E. ½ and the N. E. ¼ of the S. E. ¼ of the same section, township, and range, the first tract above described being designated as the "west forty," the next as the "middle forty," and the last as the "east forty," along with other lands; that she had a number of children and undertook to parcel out and divide her holdings between them; that her son, Frenshaw Steele selected as his portion said "west forty and the middle forty"; that the deed executed to said Frenshaw Steele, instead of describing the land selected by him, described the "west forty"—twenty acres of it—and the "east forty"; that Frenshaw Steele went into possession of the lands selected by him—the "west forty" and the "middle forty"—and remained in possession thereof until January 21, 1908, when he executed a deed, in lieu of foreclosure, to one G. Brigden, and thereafter rented said west and middle tracts from Brigden up until Brigden's death; that Narcilla White retained possession of the east forty up until her death in 1930, more than twenty years; that from 1903 to the death of Narcilla White Frenshaw Steele rented a portion of the east forty—seven acres—and cultivated the same, paying his mother rent therefor up until she died, more than twenty years; that he (Frenshaw) never claimed any right, title, or interest in said land, except as a tenant of his mother.

The evidence is further without dispute that the mistake in the description in said deed executed by Narcilla White to Frenshaw Steele was not discovered until the year 1931, after the death of Narcilla White. The evidence is also without dispute that Frenshaw Steele, after the death of Narcilla White, rented the east forty from her heirs and paid them rent therefor, and was in possession of the east forty as such tenant in 1933, cultivated the same, and remained thereon until the defendant John Findlay, through force, drove him out of possession and took from him the cotton and corn sued for in this case.

One of appellants' major contentions is that a grantor remaining in possession is presumptively but a tenant at sufferance of the grantee, and such possession cannot become adverse, until there is a clear, unequivocal, and notorious disclaimer of the title "of his landlord." Daniels et al. v. Williams et al., 177 Ala. 140, 58 So. 419.

This is a sound proposition of law, but it is not applicable, where the supposed grantee claims no interest in the land covered by the deed and recognizes the title of the person in possession by renting the land and becoming a tenant himself. Nor is it applicable except as between the parties to the deed. It does not apply to subsequent grantees. Gerald et al. v. Hayes et al., 205 Ala. 105, 87 So. 351.

Another contention is that parol evidence was not admissible to vary the terms of the deed, in an action of ejectment by showing the mistake in the description of the deed. This is also a correct abstract proposition.

But where, as here, the supposed grantee claims no right or title to the land embraced in the deed, the evidence was admissible to show the character of the holder's possession.

Moreover, there could be no clearer disavowal of the title of the supposed grantee than a renting of the land in question by the supposed grantor to the supposed grantee and such grantee entering under such renting. In fact and in law, in these circumstances, no necessity exists for such disavowal.

The plaintiff successfully deraigned title from Narcilla White, through the Bank of Moundville, by showing the execution of the mortgage by said Narcilla to said bank, its foreclosure, and a purchase of the property at the foreclosure sale by the plaintiff. Therefore the plaintiff was entitled to recover, unless the defendants showed a better title. The deed executed by Frenshaw Steele and his wife, Harriett Steele, to G. Brigden on January 21, 1908, was an essential link in the defendants' chain of title. This deed was executed before the Code of 1907 went into effect, May 1, 1908, changing the common law, and was champertous and void as to Narcilla White, who was then in the open notorious adverse possession of the land. Gerald et al. v. Hayes et al., supra.

Issue was joined on the plea of disclaimer, and the plaintiff, under the evidence, was entitled to recover against both defend-

ants in the action of ejectment. Code 1923, § 7457.

The judgment of the circuit court awarding the possession of the land to the plaintiff was therefore free from error, and will be affirmed.

The undisputed evidence shows that the plaintiff had no title to the cotton and corn; nor did she have a lien thereon as landlord. Frenshaw Steele was not her contract tenant. The cotton and corn, under the evidence, were the property of Frenshaw Steele. Code 1923, § 8798; Hardin v. Pulley, 79 Ala. 381.

The judgment, in so far as it awarded the cotton and corn or damages therefor to plaintiff, is reversed, and a judgment here rendered in favor of the defendants. One-half of the costs of the appeal is taxed against appellants; the other half against appellee.

Affirmed in part, and in part reversed and rendered.

### On Rehearing.

Appellants in the original brief on file made the following statement: "By agreement between the plaintiffs and defendants it is admitted that John Davenport alias John Hardwick is the common source of title to said three forties and also to the said East forty, the title to which is involved in this cause. It seems that John Davenport, alias John Hardwick, no doubt a prosperous and deserving negro man who lived in the northern part of Hale County, acquired the said three forties along with a larger acreage from John C. Wilson and wife during the year 1880. It might be said that John C. Wilson is also admitted to be the common source of title to the forty acres or less involved in this suit. *Narcilla White is also a common source of title to said three forties.*" (Italics supplied.)

The language italicized, when considered in connection with the quoted context and the undisputed facts in the case, can have no other meaning than that said Narcilla White succeeded to the title held by her husband, John Hardwick, and was the owner of said three forties in the year 1903, when she undertook to convey the middle forty and the west forty to her son, Frenshaw Steele.

In the application for rehearing, appellants say: "We are not aware that the defendants made any such concessions as to the facts in this case. The defendants' counsel never intended to make any such concessions or admissions as to the facts in the case, and in looking through our brief we can not find where we or the defendants made any such concessions as to the facts in the case. On the contrary the defendants contend that they have not made any such concessions as to the facts, but have insisted and do now insist that such alleged concessions *are not true.* * * * In the first place Narcilla White is not the common source of title to the land in controversy. She might be in one respect a common source as to an undivided five-eighth's interest therein. The real common source of title of the property involved in this suit is John C. Wilson, or his grantee, John Hardwick. Narcilla White, alias Narcilla Davenport or Hardwick, has never at any time owned more than an undivided five-eighth's interest in the land involved in this suit based on the probate records in Hale County. If at any time in our brief we stated that Narcilla White was the common source of title as to all of the property involved in this suit we unintentionally fell into error. However, our brief when read entirely shows conclusively that Narcilla White had never been the common source of the title to said 40 acres of land involved in this suit. She has never had a deed for more than a five-eighth's undivided interest therein. At the time she and her son, Will Hardwick, deeded the property to Frenshaw Steele she had an undivided five-eighth's interest therein and her son, *Will Hardwick,* had an undivided three-eighth's interest therein."

Will Hardwick testified—and his evidence in this respect is not disputed and is corroborated by the testimony of Frenshaw Steele—that "up until the death of my mother some two or three years ago, my mother had been claiming said east forty or the portion thereof North of Baptist Creek and said portion of said east forty is known as the Narcilla White land and is known as the tract of land that was reserved for her son, Anderson Steele, Jr., who left the community some 45 or 50 years ago. * * * During the years from 1898 up to the present time he rented a part of the said east forty from his mother, Narcilla White and paid her at the rate of $3.00 per acre; that Frenshaw Steele during said time from 1903 up to the time of this trial also rented part of said land and paid rent during said time to his mother, Narcilla White, and to this witness after her death; that during the year 1930 he executed a rent note to his mother for the rent due by him for the use of the land during the year 1930. Said rent note was dated the 22nd day of March, 1930, and due the 15th of September 1930, and executed to William G. Hardwick, and said note is set out in the testimony of Frenshaw Steele in this cause; that he as-

sessed said N. E. ¼ of S. E. ¼ of Section 19, Township 23, Range 5 East from about the year 1912 up to the present time in his own name; that he was making said assessment, however, as his mother's agent but that said assessment did not purport to be that he was making the same as agent for his mother, Narcilla White; that Narcilla White leased portions of said land in the east forty to other parties during the time from the year 1898 up to the time of her death during March, 1930, and collected the rents from said parties; that he knows that Frenshaw Steele, Math Silvers, some of the children of Sam B. Carleton and himself rented portions of the east forty during all of these years and paid rent for same to his mother, Narcilla White, and that they did not pay rent to any other person; that the east forty was known as the Narcilla White land and she claimed same and exercised all the control over it although he tended to it for her during her later years; that Frenshaw Steele never claimed to own any of the east forty, but always rented a small portion of it from his mother and paid her rent for it each year up until the time of her death and then that he and the others who rented the east forty paid the rent to this witness as agent for the heirs."

 This evidence shows that said Narcilla White was in the open notorious adverse possession of said land for ten years prior to the time Frenshaw Steele and wife executed the deed to Brigden; that her possession continued for more than twenty years.

Under the doctrine of prescription, the law conclusively presumes that Narcilla White was the owner *in fee*, and this presumption precludes all judicial inquiry into her title. Kidd et al. v. Borum, 181 Ala. 144, 61 So. 100, Ann. Cas. 1915C, 1226; Moore et al. v. Elliott, 217 Ala. 339, 116 So. 346; Tharp et al. v. Johnson et al., 219 Ala. 537, 122 So. 668.

Therefore, treating appellants' concession in the original brief as inadvertent, nevertheless it was well grounded, as it clearly appears that, as between the parties to this suit, Narcilla White was in fact the common source of the title.

The record evidence shows the execution of the mortgage to the Bank of Moundville by Narcilla White, its due foreclosure, and the purchase of the property by the plaintiff, Georgia Hardwick, and conveyance to her; and, the deed executed by Frenshaw Steele and wife to Brigden being void, plaintiff was entitled to recover the possession of the land.

The appellants' criticism of the opinion announced on the original consideration in respect to the joinder of actions is founded on a misconception of what the opinion holds.

The court is therefore of opinion that appellants' application is without merit and is overruled.

Application overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.