## Murkerson v. Adler, et al.

### Damages for Maintaining a Nuisance.

(Decided May 30, 1912.    59 South. 505.)

1. *Trial; Directing Verdict.*—Where a count contained an averment that defendants were in control of and put in operation the tank complained of, and there was no proof to sustain such an averment, the court properly directed a verdict for defendant as to that count.

2. *Appeal and Error; Harmless Error; Instructions.*—Where the action was for damages for maintaining a nuisance consisting of a sewage septic tank, the charge that the mere fact that odors from the tank could be detected at times from plaintiff's residence, would not entitle him to recover, was not prejudicial error even if abstract.

3. *Nuisance; Instructions.*—Where the action was for damages for maintaining a nuisance consisting of a sewage septic tank, it was not error to instruct that unless, during the year preceding the suit, defendant did some act or caused some act to be done which was the proximate cause of the injury complained of, the verdict must be for the defendant; for if misleading, a counter charge should have been requested.

4. *Same.*—It was not error to instruct that the fact that defendants paid the county the cost of the tank would not of itself

[Murkerson v. Adler, et al.]

render them liable to plaintiff for any injury caused by their main tenance.

5. *Same.*—Charges which took from the jury the question of whether defendants were in control of the tank, were properly refused under the evidence in this case.

6. *Charge of Court; Covered by Those Given.*—A charge which is substantially covered by a written charge given may be refused without error.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Sandy Murkerson against Morris Adler and others, for damages for maintaining a nuisance. Judgment for defendants and plaintiff appeals. Affirmed.

The first count alleges the creation of a nuisance by operating and controlling a permanent plant for the reception of most of the sewerage from the city of Birmingham and Bessemer; that this sewerage is received into a septic plant, where it is retained for a length of time, and disintegrated until it emits foul and sickening odors and noxious gases to the great damage of plaintiff and his family and his tenants.

The following charges were given at the request of the defendants: (7) "The mere fact, if you believe it is a fact from the evidence, that odors from the septic tank can be detected at times from plaintiff's residence, would not entitle plaintiff to recover damages." (9) "Unless you believe from the evidence that during the year preceding the filing of this suit defendants did some act, or caused some act to be done, which was the proximate cause of injury to the plaintiff, your verdict must be for the defendants." (10) "The fact that the defendants paid the county or the Jefferson county sanitary commission the cost of the septic tanks, if you believe from the evidence that they did so, would not of itself render defendants liable to plaintiff for any in-

[Murkerson v. Adler, et al.]

jury which he may have sustained from this mainte-
nance, if you believe from the evidence he has sustain-
ed such injury."

The following charges were refused to the plaintiff:
(9) "The court charges the jury that defendants have
had such connection with the operation of the septic
tanks as purification plant to render them liable in this
case, provided it is a nuisance and has damaged plain-
tiff as alleged." (16) "The court charges the jury that
if they find from the evidence in this case that the sep-
tic tanks in question, and the products that flow there-
from, give off noxious odors that can be smelled by per-
sons of ordinary sensibilities at the residence of the
plaintiff, and that such odors are calculated to materi-
ally interfere with the comfortable enjoyment of said
premises, and did so interfere with the plaintiff's en-
joyment thereof during the year, or a material part
thereof next preceding the filing of this suit, then the
plaintiff is entitled to a verdict at your hands." (21)
"The court charges the jury that the undisputed evi-
dence in this case shows that the defendants had suffi-
cient connection with the purification plant in question
to render them liable in damages to plaintiff, provided
the said plant was a nuisance, and that plaintiff was
damaged by said nuisance, as alleged in his complaint."

Estes, Jones & Welch, for appellant. The court
clearly erred in instructing a verdict for defendant as
to count 1.—*Adler v. Pruitt*, 53 South. 318; *Birming-
ham v. Land*, 34 South. 613. The court erred in giving
charge 7 for defendant.—*Hundley v. Harrison*, 123 Ala.
297. Charge 9 was also error.—*Alder v. Pruitt, supra;
Grady v. Walsner*, 46 Ala. 381. The court should have
given charges 5, 9 and 16, requested by plaintiff, as well
as charge 21.—Authorities next above. Under the facts

[Murkerson v. Adler, et al.]

in this case there was a new nuisance, a constant and ever recurring nuisance.—*Whaley v. Wilson,* 123 Ala. 627; *S. & N. A. R. R. Co. v. McLendon,* 63 Ala. 266.

PERCY, BENNERS & BURR, and THOMAS T. HUEY, for appellee. There was no proof to support some of the material allegations of count 1, and hence the court properly directed a verdict for defendant as to that count. There was no error in giving written charge 7. *Hundley v. Harrison,* 123 Ala. 297. If the charge was abstract, it will not constitute reversible error unless it appears that the jury was thereby misled to the prejudice of the plaintiff.—*B. R. & E. Co. v. Mason,* 39 South. 590. There was no error in giving charges 9 and 10 for defendant.—*O'Donnell v. Rodiger,* 76 Ala. 222; *Adler v. Pruitt,* 53 South. 317. Counsel discuss other charges given and refused, but without further citation of authority.

ANDERSON, J.—The first count of the complaint is for the "creation of a nuisance, * * *" in this, to wit, that the defendants are in charge and control of and put in operation a permanent plant, etc. This averment was not proven, and the trial court did not err in giving the general charge for the defendants as to said count. Nor do we understand the case of *Adler & Co. v. Pruitt,* 169 Ala. 213, 32 L. R. A. (N. S.) 889, 53 South. 318, as holding that these defendants were liable as for a creation of the nuisance growing out of the erection, construction, or starting of the sewage system complained of as distinguished from their liability for the operation or maintenance of same.

There was no error in giving charge 7 at the request of the defendants. Every odor, or the occasional detection of same, is not, as matter of law, a nuisance. If the

charge was abstract, it may have been properly refused; but the giving of same was not reversible error.

There was no error in giving charge 9 at the request of the defendants. Count 1 was properly eliminated, and this charge merely hypothesized the plaintiff's right to recover upon proof of the material averments of count 2. If the charge was misleading, it should have been explained by a counter charge.

There was no reversible error in giving charge 10, at the request of the defendants. It may single out and give undue prominence to a part of the evidence, and which might justify the refusal of same; but the giving of same was not reversible error.

Charge 5 refused, whether good or bad, was sufficiently duplicated by given charge 14.

There was no error in refusing charges 9, 16, and 21, requested by the plaintiff. If not otherwise bad, they invade the province of the jury by peremptorily instructing that the defendants were operating and maintaining the plant or tanks when, at best for the plaintiff, it was a question for the jury as to whether or not the defendants were in control of the same during the period covered by the second count. It is true they had a contract with the county; but the proof does not show that they were operating under the contract during the year preceding the bringing of the suit. The last act of dominion or control over same by these defendants, as disclosed by the evidence, was in letting or leasing the land to the Hueys in January, 1909. Nor does it appear that the conditions complained of were caused by the Hueys for themselves or the defendants, and, from aught that appears to the contrary, the county may have been operating the plant and tanks, and the defendants may have abandoned their contract. True there may be inferences that the defendants were

[Smith Bros. & Co. v. Agee & Co.]

complying with their contract and were responsible for the conditions; but this made it a question for the jury, and not for the court. The judgment of the city court is affirmed. Affirmed.

Affirmed.

SIMPSON, McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur. DOWDELL, C. J., and MAYFIELD, J., not sitting.