(101 So. 648)

**CITY OF BESSEMER v. POPE.**
**(6 Div. 214.)**

(Supreme Court of Alabama. Oct. 16, 1924.)

**1. Nuisance ⊗⇒48—Complaint for maintaining nuisance held to sufficiently describe plaintiff's residence.**

Allegations in complaint against city for maintaining and operating nuisance in form of trash or dump pile, describing location of plaintiff's residence as in or near city where defendant dumped its garbage, trash, and débris, and also as at or near a particular place in a named county, together with averments showing such residence was occupied by plaintiff and his family during the time complained of, *held* to sufficiently describe plaintiff's place of residence as against demurrer.

**2. Municipal corporations ⊗⇒742(4) — Complaint held to show compliance with statute as to filing statement.**

In action against city for injuries from nuisance, count alleging that sworn statement of the injuries stating substantially the manner in which they were sustained, and the place and time, was filed more than 10 days before suit, *held* sufficient to show compliance with Code 1907, § 1275.

**3. Appeal and error ⊗⇒1061(3) — Refusal to nonsuit plaintiff, because codefendant not shown necessary or proper party, stricken in amended complaint, held harmless.**

Where, in suit against city for maintaining and operating nuisance, it did not appear that a coal company, originally joined as defendant and stricken in amended complaint, was either a necessary or proper party, within Code 1907, §§ 1273, 1274, refusal to nonsuit plaintiff because complaint showed stricken defendant should be sued *held* harmless.

**4. Trial ⊗⇒114—Remarks of counsel in presence of jury held highly improper.**

In suit against municipality for maintaining and operating a nuisance, consisting of a dump pile, a demand on defendant in presence of jury to produce petition signed by people in community of alleged nuisance, asking the city council to stop dumping there, *held* highly improper.

**5. Municipal corporations ⊗⇒742(4)—Variance as to time of filing claim held immaterial.**

In action against city for injuries from nuisance, variance, if any, between complaint alleging filing of sworn claim more than 10 days before suit, and the claim itself filed August 2, when suit was commenced August 12, *held* immaterial; Code 1907, § 1275, not requiring filing 10 days before suit.

**6. Municipal corporations ⊗⇒742(4)—No variance between complaint and claim as to property damaged by nuisance.**

In action against city for damages from nuisance, sworn statement of claim introduced in evidence *held* to correspond substantially with the complaint in its description of the property damaged.

**7. Municipal corporations ⊗⇒741(2) — Claim against city in substantial compliance with statute admissible in action for maintenance of nuisance.**

In a suit against municipality for operation and maintenance of nuisance, the sworn claim filed with the clerk in substantial compliance with Code 1907, § 1275, is admissible, though stating that it was drawn under Acts 1915, pp. 297, 298, §§ 10 and 12.

**8. Municipal corporations ⊗⇒742(4) — Testimony as to nuisance not within time specified in sworn statement filed held inadmissible.**

In suit against municipality for operation and maintenance of nuisance, evidence of odors from place complained of but not within the time indicated in the sworn statement filed under Code 1907, § 1275, is inadmissible.

**9. Nuisance ⊗⇒49(4) — Evidence municipality burned dead animals at débris pile complained of within period set out in sworn statement, and conditions at place complained of, admissible.**

In suit against municipality for operating and maintaining nuisance, admission of evidence that defendant burned dead animals at the débris pile complained of, and during the time specified in the sworn statement filed under Code 1907, § 1275, odors from which could be detected at a point beyond the home of plaintiff, and to prove the nature of the odors and condition of the débris pile, was not erroneous.

**10. Municipal corporations ⊗⇒741(2)—No recovery for injuries except those arising during period mentioned in sworn statement.**

Under Code 1907, § 1275, plaintiff in suit against municipal corporation for operation and maintenance of nuisance can recover no damages for injuries to himself or his home, except what occurred or arose during the period mentioned in the sworn statement filed with defendant's clerk.

───────────────

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Municipal corporations ⟾741(2)—Charge that recovery against municipality for injuries from nuisance might be had for time prior to that fixed in plaintiff's sworn statement, reversible error.**

Charge permitting recovery against municipality for injuries from nuisance for period prior and subsequent to the time fixed in plaintiff's sworn statement filed under Code 1907, § 1275, *held* reversible error.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action for damages by J. C. Pope against the City of Bessemer. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Bumgardner & Wilson, of Bessemer, for appellant.

The complaint fails sufficiently to describe the property, and to show filing of claim with the city clerk, and its disallowance. Ft. Worth v. Crawford, 64 Tex. 202, 53 Am. Rep. 753; Denver v. Davis, 37 Colo. 370, 86 P. 1027, 6 L. R. A. (N. S.) 1013, 119 Am. St. Rep. 293, 11 Ann. Cas. 187; Code 1907, § 1273. Defendant's motion to nonsuit plaintiff after elimination of the other party defendant should have been granted. Milner v. Birmingham, 201 Ala. 689, 79 So. 261; Montgomery v. Moon, 205 Ala. 590, 88 So. 751. The remarks of plaintiff's attorney in making demand upon defendant for production of petition was prejudicial and improper. Nuckols v. Andrews, 6 Ala. App. 275, 60 So. 592; Brotherhood v. Trimm, 207 Ala. 587, 93 So. 533. The claim filed with the city was improperly received in evidence. Code 1907, § 11; Caravella v. Bernheim Dist. Co., 13 Ala. App. 458, 69 So. 241.

Benton & Bentley, of Bessemer, for appellee.

The complaint was good as against demurrer. Brannon v. Birmingham, 177 Ala. 419, 59 So. 63; Code 1907, § 1275; Jones v. Birmingham, 207 Ala. 48, 92 So. 898; McKinnon v. Birmingham, 196 Ala. 56, 71 So. 463. There was no error in allowing discontinuance as to the defendant Bessemer Coal, Iron & Land Company. Murkerson v. Adler, 178 Ala. 622, 59 So. 505; Code 1907, §§ 1273, 1274. The claim filed complied with the law and was properly admitted. Code 1907, § 1275; Grambs v. Birmingham, 202 Ala. 490, 80 So. 874.

MILLER, J. This is a suit for damages by J. C. Pope against the city of Bessemer for maintaining and operating a nuisance in the form of a trash or dump pile, where quantities of garbage, trash, and débris were placed close to the residence of the plaintiff, and the offensive odors from it rendered "his home less pleasant and habitable," and the vile and offensive odors from it vexed and annoyed him and caused him mental pain and anguish. The trial resulted in a verdict by a jury in favor of the plaintiff, judgment thereon by the court, and this appeal is by the defendant from it.

[1, 2] There are four counts in the complaint, but only one, B. was submitted by the court to the jury. The demurrers of the defendant to it were overruled by the court. This count is framed, in part at least, like the count in the case of City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7. The appellant insists it is demurrable because the property claimed to have been damaged is not sufficiently described. It describes it in one place as "the residence of plaintiff in a community in Jefferson county, Alabama, in or near the city of Bessemer," in or close to this place where the defendant dumped its garbage, trash, and débris during the month of June, 1922, or the first of July, 1922; and in another place it is described as "his residence, which was in Jefferson county, Ala., and at or near Circle Heights, near West Lake;" and there are other averments showing the residence was occupied by him and his family during that time. This description of the property is sufficient to show where the personal injury from the offensive odors, personal annoyance, and inconvenience were received, and where the property, his home, alleged to have been rendered thereby less habitable, was located, and the cause of the injury. This count also alleges:

"And plaintiff avers that a sworn statement of the injuries herein complained of, stating substantially the manner in which the injuries complained of were sustained, and the place where sustained, and the time when sustained, was filed with the clerk of the city of Bessemer, one of the defendants, more than ten days before the commencement of this action by the plaintiff."

These averments in the count show a sufficient compliance with section 1275 of the Code of 1907, so it is not subject to demurrer on that account. It alleges more than this statute requires. This count states a cause of action against the defendant and is not subject to the grounds of demurrer assigned to it. Murkerson v. Adler, 178 Ala. 622, 59 So. 505; Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63; City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874.

[3] This suit was originally filed against the city of Bessemer and the Bessemer Coal, Iron & Land Company. The plaintiff by amendment had the Bessemer Coal, Iron & Land Company stricken as a defendant from the complaint. The defendant, city of Bessemer, by motion then asked the court to non-

suit the plaintiff to this action because it appears from the complaint the stricken defendant was equally liable with the city and should be sued jointly with it; which motion the court refused. If in this the court committed error, which we do not decide, it is without injury, for it appears from the evidence this alleged nuisance was maintained and operated alone by the city of Bessemer, and the Bessemer Coal, Iron & Land Company was neither a necessary nor proper party defendant. It was not made to appear to the court that it ought to be joined as a defendant with the city of Bessemer by the evidence in the cause. Sections 1273 and 1274, Code 1907; Milner v. City of Birmingham, 201 Ala. 689, 79 So. 261.

[4] The defendant pleaded general issue with leave to give in evidence any defensive matter the same as if it had been specially pleaded. The jury was selected; the cause was stated to them by the attorneys for the parties; and then the following proceedings were had:

"Thereupon plaintiff made demand on the defendant to produce in court the petition that has been signed by the people in that community asking the city council to stop dumping trash over there near their doors, and which were signed by men, women, and children, and which is on file over in the city hall.

"Thereupon the defendant objected to said remark coupled with said demand, made in the presence of the jury, on the ground that it was a very unfair and unethical remark to be made in their presence, and could not be supported by the plaintiff in evidence, and asked the court to instruct the jury that they should not consider said remark.

"Thereupon the court stated that he would refuse to make any instructions to the jury in regard to said remark and demand, and overruled said motion made."

These remarks of counsel were highly improper, and should not be permitted on another trial of the case.

[5-7] The sworn claim filed with the clerk of the city of Bessemer was objected to by defendant because it varied from the description of it in the complaint. The count avers it was filed with the clerk more than ten days before this suit was commenced, and it appears to have been filed with him on August 2, 1922, and the suit was commenced on August 12, 1922. If this was a variance, it is an immaterial one, as the statute (section 1275) does not require that it be filed with the clerk of the city of Bessemer more than ten days before the suit is commenced. The sworn statement filed with the clerk claims damages for $2,000, the same amount claimed in the complaint. It claims damages suffered personally by plaintiff and by and to his property. His property is described in the sworn claim as his home, where he then resided, "Home Nos. 2 and 4, lots 22, 23, and 24, and street Circle Heights,

at or near West Lake." The evidence shows his residence was located on lots 22 and 23 near Circle Heights. The complaint avers the property injured was his home, where he then resided "at or near Circle Heights near West Lake." The sworn statement sufficiently corresponded to the averments of the complaint as to the property claimed to have been damaged to render it admissible in evidence. Each showed the property claimed to have been injured was his home, then occupied by him at Circle Heights, near West Lake and near the place where garbage was dumped by the defendant. The sworn statement substantially corresponds with the complaint as to the manner in which the injury was received and the time and place thereof. It is true this statement avers it was drawn under sections 10 and 12 of an act of 1915 (Acts 1915, pp. 297, 298); yet the allegations therein conform substantially to the requirements of section 1275 of the Code 1907, which renders it admissible in evidence in this cause. Acts 1915, p. 294, and sections 10 and 12 thereof, on pages 297, 298, do not apply to the city of Bessemer as it has less than 100,000 inhabitants according to the last federal census. In Southern Ry. Co. v. Lee, 167 Ala. 275, 52 So. 650, this court quoted with approval the following:

"An exact correspondence of allegation and proof is not required. It is enough that the one substantially corresponds with the other."

See, also, Wilson v. Smith, 111 Ala. 171, 20 So. 134; Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63.

The sworn statement filed with the clerk of the defendant conformed substantially to the requirements of section 1275 of the Code of 1907, and corresponded substantially with the description in and the averments of the complaint; and the court did not err in admitting it in evidence. McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463, and authorities supra.

[8] The plaintiff asked Mrs. Thomas, his witness, the following question: "Well, now, I will ask you, Mrs. Thomas, if during June and July and prior thereto, if you could smell any odors from this place?" to which the witness replied, "Yes, sir." The defendant objected to the question and moved to exclude the answer because it was illegal and incompetent testimony, and not confined to the time mentioned in the suit, and an exception was duly reserved to each ruling of the court.

The sworn statement of damages filed with the clerk of defendant claimed for injuries to him personally and to his home from odors, etc., from this alleged nuisance, débris pile, "for a period of during the last 60 days to the date of the filing of this claim." The claim was filed on August 2, 1922, with the clerk of defendant. Plaintiff in count B un-

der a videlicet claims damages "during a period of time since some time during the month of June, 1922, or the 1st of July, 1922."

Any evidence tending to show injury to the plaintiff or his home prior to or after the time mentioned in the sworn statement filed with the clerk of the defendant would be incompetent and inadmissible evidence. Plaintiff can prove damages to himself or his home, or both, only during the time mentioned in his sworn statement. The claim for damages in the complaint and proof must be based on injuries sustained or suffered during the time mentioned in the itemized, verified statement; which was "during the last 60 days to the date of filing this claim." The court erred in permitting the proof to show odors prior to that time; but whether it was reversible error, injurious to the defendant, from that question and answer, we need not and do not decide, as this judgment for another reason must be reversed.

[9] The court did not err in allowing the plaintiff to prove during the period mentioned in the sworn statement' that defendant burned dead animals, found in the city, at this débris pile, and the offensive odors from the dead and burning animals could be detected in the air as far therefrom as the home and beyond the home of the plaintiff, and to prove the nature of the odors and the condition of the débris pile. Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, 62 So. 40, and City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7.

[10] The court charged the jury orally in part as follows:

"This plaintiff can only recover for what was against him personally, if any, and then he can also get compensation, if he is entitled to it, if you think that he is entitled to it under the evidence in this case, for any detriment to his residence as a residence for the period within 12 months before the filing of this complaint, if he was damaged during that period. Nuisances cannot go back for a period beyond 12 months before the filing of the complaint. Of course, in this case, the evidence does not show, if there was a nuisance there, that it was more than for a long period as 12 months; it did not go back further than for a few months. It is for the jury to say for what period it did go back, and it is for you to say whether or not it was a nuisance, and it is for you to say whether or not the plaintiff was materially injured thereby. If you are reasonably satisfied that he was, then you come to the consideration of the amount of the damages, and you would allow him such sum as you think would compensate him for the damages that he received in the possession of his home as a residence during that period, and detriment to himself personally, if any; that would be the element of damages for you to consider, and allow him such sum as you think would compensate him therefor."

The defendant specially and separately excepted to the different parts of the oral charge set out above, which permitted the jury to assess damages for injuries to the person and home or residence of defendant occurring prior to and after the 60 days specified in the sworn statement filed with the clerk of the defendant. This statement claimed damages only for "a period of during the last 60 days to the date of filing this claim," which was August 2, 1922. The suit was commenced by filing it on August 12, 1922, and the court by its oral charge permitted the jury to assess damages for "the period within 12 months before the filing of the complaint." That part of the charge was erroneous. Under section 1275, the plaintiff could recover no damages for injuries to himself or his home except what occurred or arose during the period mentioned in the sworn statement. Benton v. City of Montgomery, 200 Ala. 97, headnote 2, 75 So. 473; Bland v. Mobile, 142 Ala. 142, 37 So. 843; Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63.

[11] There was evidence that the odors stayed there from about the 1st of June until about the 1st of December, "and evidence tended to show that during that time the person and home of the defendant were affected by them." The jury could, and may have, included in their verdict, damages, under the oral charge of the court and the evidence, for injuries to plaintiff and his home occurring at a time prior to as well as at a time after the period fixed in the sworn statement, which would be illegal and improper. For the error in the oral charge the judgment must be reversed.

There are 58 errors assigned, many of them have been urged as errors in argument; but we think it is not necessary for us to consider and pass on any more of them, because what we have written in connection with the authorities cited will be sufficient to guide the court on the next trial.

For the error mentioned, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.