(88 South. 826)

**BALLENGER v. BALLENGER. (7 Div. 190.)**

(Supreme Court of Alabama. April 21, 1921.)

**I. Appeal and error ⬥1078(I)—Assignments and argument limited to ruling on motion to strike waived other rulings.**

Where the court overruled defendant's motion to strike amended counts of the complaint, his assignments of error and argument being limited to such ruling, other rulings were waived or not presented for review.

**2. Limitation of actions ⬥127(8)—Amendments filed more than a year after original complaint held not a departure or to state new cause.**

Where original counts of the complaint were filed in December, 1918, and a count thereof was for the conversion of mules, a cow, a check, cotton and seed, and corn "on, to wit, the —— day of 1916, 1917, 1918 and 1919," amended counts filed in August, 1920, one claiming conversion of 15 bushels of corn and 62 pounds of cotton on, to wit, the —— day ——, 1917, and another for conversion of 15 bushels of corn and 125 pounds of cotton on, to wit, the —— day ——, 1918, and another for conversion of one-half bale of cotton on, to wit, the —— day of 1919, were not subject to motion to strike as constituting a departure and did not set up a new cause of action, and related back to the time of filing the original complaint.

**3. Action ⬥40—Distinct torts of same nature may be joined in separate counts in same action.**

Under Code 1907, §§ 5329, 5367, distinct torts of the same nature and on all of which the same judgment can be rendered may be joined in separate counts in the same action, but not in one count.

Appeal from Circuit Court, De Kalb County; W. W. Harralson, Judge.

Assumpsit and conversion by Julia Ballenger against her son, J. J. Ballenger. Judgment for the plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

C. A. Wolfes, of Ft. Payne, for appellant.

Motion to strike was the proper method of raising the question. 112 Ala. 80, 20 South. 502. The amendments were against the spirit and letter. Section 5367, Code 1907.

Isbell, Scott & Downer, of Ft. Payne, for appellee.

The amendments were within the Code, and related back to the filing of the action. Sections 5329 and 5367, Code 1907; 201 Ala. 461, 78 South. 839.

THOMAS, J. [1] The appeal is prosecuted upon the record. The appellant was the defendant in an action originally based upon counts in assumpsit and for conversion. The judgment entry recites that plaintiff was permitted to amend her complaint during the trial by withdrawing the count in assumpsit and by adding counts 3, 4, and 6, over the objection of the defendant. The record shows that the defendant moved to strike last-amended counts on the ground that the same were a departure. Appropriate assignments of error and argument of appellant's counsel are directed to the action of the trial court in overruling the motion to strike the additional counts. Appellant's argument, being limited to this ruling of the trial court (T. & C. R. Co. v. Danforth & Armstrong, 112 Ala. 80, 20 South. 502; Byrd v. Hickman, 167 Ala. 351, 52 South. 426), is a waiver of, or is insufficient to present, other rulings of the trial court for review. Georgia Cot. Co. v. Lee, 196 Ala. 599, 72 South. 158.

Appellant insists that count 2, for the conversion of the property therein described, must be taken to mean that the alleged con-

version took place on, to wit, the ——— day of 1916; that the videlicet ("to wit") before the averment ("the ——— day of 1916, 1917, 1918 and 1919") limited the conversion charged to that committed in the year 1916.

[2, 3] Count 2 was for the conversion of personal property of the plaintiff, described as "two mules, one cow, one check for $150.00, and ¼ of a bale of cotton and seed out of the same and sixty bushels of corn, the property of the plaintiff, on, to wit, the ——— day of 1916, 1917, 1918 and 1919." By the respective amended counts damage was claimed (in count 3) for the conversion of personal chattels, "to wit, 15 bushels of corn and 62 pounds of lint cotton on, to wit, the ——— day of ———, 1917"; (in 4) of personal property, "to wit, 15 bushels of corn and 125 pounds of seed cotton on, to wit, the ——— day of ———, 1918"; (in 6) of personal property, "to wit, ½ bale of cotton on, to wit, the ——— day of 1919." This was sufficient description of the property alleged to have been converted; though time being under a videlicet, it extended to the separate conversions during the several years indicated in the respective counts. Howton v. Mathias, 197 Ala. 457, 461, 73 South. 92.

The original counts were filed on December 18, 1919; demurrers thereto filed December 20, 1919, and August 19, 1920; and defendant's pleas of the general issue filed August 19, 1920. Plaintiff's amended complaint, containing counts 3, 4, and 6, was filed August 19, 1920, and defendant's motion to strike last-named counts, and answer thereto, were respectively filed on the date of the trial, which was the last-named date. Issue being joined, there was a jury and verdict for the plaintiff, assessing her damages, and the judgment of the court was duly entered thereon.

There is but one proposition for consideration, and that is whether the court erred in allowing the complaint to be amended by adding counts 3, 4, and 6. Byrd v. Hickman, supra; Ala. C. C. & I. Co. v. Heald, 154 Ala. 580, 45 South. 686.

In L. & N. R. R. Co. v. Cofer, 110 Ala. 491, 18 South. 110, it was declared that in an action against a railroad company to recover damages for negligently killing several animals at different times, averred by way of separate counts, such complaint was not demurrable upon the ground of a misjoinder of the several causes of action. Distinct torts of the same nature, and upon all of which the same judgment can be rendered, may be joined in separate counts in the same action, but not in one count. Hitt Lbr. Co. v. Sherman, 189 Ala. 681, 66 South. 639; L. & N. R. R. Co. v. Abernathy, 197 Ala. 512, 529, 535,

73 South. 103, and authorities there cited; Code, §§ 5329, 5367. This court has said there was no departure or prejudice by substitution for a defective count, so as to allege the same matters effectively. The original complaint contained counts of like kind and, although it was defective, "there was no error or injury in allowing the original counts to be stricken or abandoned and new ones added." Rudolph v. Holmes, 201 Ala. 461, 78 South. 839. Such amended complaint related back to the time of filing the original complaint, if it set up no new cause of action, as to which the original complaint did not inform and stop the running of the statute of limitations.

In the original complaint in the case at bar defendant had been given notice that he was called upon to make answer to a claim of damages for the conversion of certain personal property, to wit, mules, a cow, a check for $150, lint cotton and seed out of the same, and 60 bushels of corn converted on, "to wit, the ——— day of 1916, 1917, 1918 and 1919." Such complaint being demurrable was supplanted, or in effect abandoned, by plaintiff's filing of amended counts 3, 4, and 6 claiming for the same conversions of corn and cotton for the year 1917, corn and cotton for the year 1918, and for cotton for the year 1919. That is to say, by the several counts added by way of amendment, the claim for damages is made in separate counts for the respective conversions of corn and cotton during the years 1917 and 1918, and for the conversion of cotton during the year 1919. This was permissible under our statutes of amendments. Crawford v. Mills, 202 Ala. 62, 79 South. 456.

The complaint as amended related back to the time of the filing of the original complaint—related to the same transactions, property and title, and parties as did the original complaint—and set up no new cause of action of which the original complaint had not given notice, or as to which it had stopped the running of the statute of limitations. Mobile L. & R. Co. v. Portiss, 195 Ala. 320, 70 South. 136; Code 1907, § 5367; Crawford v. Mills, supra. There was no error in overruling defendant's motion to strike the amended counts 3, 4, and 6. There is no insistence in brief and argument of counsel for appellant for error in overruling demurrer to either count, and as to such ruling on demurrer nothing is presented for review.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.