(92 South. 7)

## CITY OF BIRMINGHAM v. PRICKETT.
### (6 Div. 485.)

(Supreme Court of Alabama. Nov. 8, 1921.
Rehearing Denied Dec. 22, 1921.)

1. **Municipal corporations ⊂⊃742(4)—Indorsement by city clerk on complaint that claim was filed, not part of complaint, held not allegation of service of claim.**

An indorsement on a complaint against a city for a nuisance, following the signature of plaintiff's attorney, that the claim was filed, which was signed by the city clerk, and was not made a part of the complaint by reference to it as an exhibit, under Code 1907, § 5327, was not a part of the complaint, which must be signed by the plaintiff or his attorney, and is not an allegation of the filing of the claim.

2. **Municipal corporations ⊂⊃741(1), 742(4)—Complaint against city must allege claim was presented.**

A complaint against a city for damages caused by a nuisance is for a claim which must be presented to the city before suit thereon, under Gen. Acts of 1915, p. 297, § 10, and the complaint to recover such damages is demurrable unless it alleges the claim was presented.

3. **Municipal corporations ⊂⊃742(4) — Failure to allege sworn statement was filed is fatal to complaint against city for personal injuries.**

Failure to allege in a complaint against a city for personal injuries that a sworn statement of such injuries was filed with the city clerk, as required by Gen. Acts 1915, p. 298, § 12, as a condition precedent to suit, is fatal on demurrer to the complaint.

4. **Municipal corporations ⊂⊃741(1) — Complaint for nuisance alleging harassment, annoyance, mental pain, and anguish is for personal injuries, and claim must be presented.**

A complaint against a city to recover damages for a nuisance, which alleged that the nuisance rendered plaintiff's residence less habitable, and that plaintiff was made sick and greatly vexed, harassed, and annoyed, and suffered great mental pain and anguish because thereof, claims damages for personal injuries which cannot be recovered from the city unless a sworn statement thereof was filed with the city clerk, as required by Gen. Acts 1915, p. 298, § 12.

5. **Municipal corporations ⊂⊃742(6) — Refusal of charge denying recovery for harassment or annoyance by nuisance where no statement of claim filed held erroneous.**

Where a complaint against a city for maintaining a nuisance alleged harassment and annoyance of plaintiff by reason of a nuisance, which could not be recovered because no sworn statement of personal injuries had been filed, it was error to refuse a written charge that plaintiff could not recover damages for vexation, harassment, or annoyance, even though the court gave charges directing that no damages for any personal injuries, or for mental pain or anguish, could be awarded to plaintiff.

6. **Nuisance ⊂⊃50(1)—Measure of damages for injuries to home by nuisance stated.**

The measure of damages for injuries to the home or residence by a nuisance maintained by the city is the difference represented in money between the value of plaintiff's property as a home for the period covered by the complaint with and without the nuisance.

7. **Appeal and error ⊂⊃1170(3)—Failure to allege statement of injuries from nuisance filed held not cured by evidence or charges.**

The failure of a complaint against a city for a nuisance to allege that the sworn statement of injuries required by Gen. Acts 1915, p. 298, § 12, was filed, was not cured under rule 45 (61 South. ix[1]) by the evidence which did not show that such sworn statement was filed, nor by charges given at defendant's request denying recovery for personal injuries and for mental pain and anguish, which were inconsistent with an oral charge permitting recovery of damages suffered by plaintiff personally, as well as damages to his property.

Gardner, J., dissenting.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by J. F. Prickett against the City of Birmingham for damages for maintaining a nuisance. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Most of the facts on which the opinion is rested sufficiently appear therefrom. The following charges do not appear, but are referred to as having been refused:

(3) I charge you, gentlemen of the jury, that the measure of damages in this case is the difference in the value of the home of J. F. Prickett, the plaintiff, during the period complained of, with or without the odors and other inconveniences as shown by the evidence.

B. I charge you, gentlemen of the jury, that if the plaintiff is entitled to recover the measure of his damages will be the difference in money value of the plaintiff's property during the period of time complained of as a home with and without the odors and other inconveniences complained of.

A. I charge you, gentlemen of the jury, that in assessing the damages to which the plaintiff would be entitled to recover, if you should find that he is entitled you will be governed by the following rule or measure, namely, what in money would represent the difference between the value of plaintiff's property for the time complained of as a home, with and without the odors and other inconveniences.

Walter Brower and Fred G. Moore, both of Birmingham, for appellant.

The injuries claimed were personal injuries, and the claim should have been filed with the clerk of the city. 182 Ala. 633, 62 South. 40; 202 Ala. 490, 80 South. 874; Acts 1915, p. 297. The complaint fails to allege proper negligence. Section 1272, Code

1907. Vexation, harassment, and annoyance constitute personal injuries, and require claim filed with the city clerk before recovery can be had thereon. Authorities supra. Charges 3, A, and B requested by the defendant should have been given. 182 Ala. 633, 62 South. 40.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

Plaintiff's claim was not for personal injuries and therefore is not governed by the act. It appears also from the statute itself that claims growing out of a nuisance are not within its terms. Acts 1915, p. 297; (Tex. Civ. App.) 216 S. W. 208; 128 Mich. 650, 87 N. W. 894; 106 Wash. 608, 181 Pac. 43; 148 N. Y. Supp. 966; 48 Misc. Rep. 153, 96 N. Y. Supp. 704; 97 App. Div. 480, 90 N. Y. Supp. 744; 175 N. Y. 346, 67 N. E. 623; 73 Wis. 380, 41 N. W. 407; 42 La. Ann. 1089, 8 South. 277, 10 L. R. A. 249, and note. It being admitted that the claim was filed with the clerk, the failure to allege it in the complaint was error without injury. Rule 45, Sup. Ct. Practice, 175 Ala. xxi, 61 South. ix.

MILLER, J. This is an action by J. F. Prickett against city of Birmingham for maintaining an alleged nuisance. There was judgment for plaintiff, and the defendant appeals.

Section 10 of an act approved August 20, 1915 (page 297, General Acts 1915) reads as follows:

"Except as herein otherwise provided, all claims against such cities (except bonds and interest coupons, and claims under written contracts for the payment of money signed by the city) shall be filed with the city clerk or the city officer corresponding thereto, within one year from the accrual thereof to be by him presented to the governing body of such city or the same shall be barred; and no claim against such cities shall be sued on until ten days after a statement of same has been filed with the city clerk." (

There is one count in the complaint. The defendant demurred to it because it fails to allege the claim within one year from its accrual "was filed with the city clerk or city official corresponding thereto," and "that this suit was commenced more than 10 days after the statement of same was filed with the city clerk."

[1] The complaint has the following indorsement thereon:

"Undersigned, clerk of the city of Birmingham or official corresponding thereto, acknowledges that the foregoing claim was filed with him and that he, as such clerk, received a copy of the foregoing on this the 9th day of August, 1917.
"C. B. Lloyd."

This is an indorsement on the complaint. The complaint must be signed by the plaintiff or his attorney. This is not signed by the plaintiff or his attorney. The complaint, composed of one count, is signed by attorneys for plaintiff. Then plaintiff in writing demands a jury trial, which demand is signed by plaintiff's attorneys. Then follows the foregoing indorsement by C. B. Lloyd. This indorsement is not a part of nor made a part of the count or the complaint by reference to it as exhibit or otherwise. Section 5327, Code 1907; Browder v. Gaston, 30 Ala. 677.

[2] There is no averment in the count or in the complaint over the signature of plaintiff or his attorney that the claim, the foundation of this suit, was filed with the clerk of the city of Birmingham within one year from its accrual and more than 10 days before the commencement of the suit. Is this necessary? Should it be averred in the complaint? Section 10, General Acts 1915, p. 297, requires it of "all claims against such cities (except bonds and interest coupons and claims under written contracts for the payment of money signed by the city)." This claim is neither a bond nor interest coupon, nor written contract, so it must come within "all claims" under the statute. Barrett v. City of Mobile, 129 Ala. 179, 30 South. 36, 87 Am. St. Rep. 54.

"Suits must not be brought against a county until the claim has been presented to the court of county commissioners." Section 2472, Code 1907.

This court under that statute held that the complaint must aver such presentation. Schroeder v. Colbert County, 66 Ala. 137; Shinbone v. Randolph County, 56 Ala. 183.

In Barrett v. City of Mobile, 129 Ala. 185, 30 South. 38, 87 Am. St. Rep. 54, this court held:

"The right to sue the city without first presenting the claim is taken away by the statute."

See Acts 1896-97, p. 542.

The court also declared in that case that—

"The complaint should aver presentation according to the statutory requirement. For want of such averment, the complaint in the present case was subject to the demurrer interposed to it as a whole."

Section 10 of Acts 1915, p. 297, declares:

"No claim against such cities shall be sued on until ten days after a statement of same has been filed with the city clerk."

This complaint, as a whole, is subject to the demurrer interposed, as it fails to aver over the signature of plaintiff or his attorney a filing of a statement of the claim with the clerk of defendant more than 10 days before suit was commenced thereon, and within one year from its accrual. Grambs v. City of Birmingham, 202 Ala. 490, 80 South. 874; section 10, Gen. Acts 1915, p. 290, approved Aug. 20, 1915.

Section 12 of General Acts 1915, p. 298, is as follows:

"No suit shall be brought or maintained nor shall any recovery be had against any such city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides."

[3] The defendant also demurs to this complaint because it seeks, in part, recovery for personal injuries and fails to allege that a sworn statement thereof as required by section 12 of said act of August 20, 1915, was filed with the clerk within 90 days after the receipt of the injury. Failing to allege in the complaint a performance of this condition precedent before filing suit is fatal on demurrer if the suit is for a personal injury. Grambs v. City of Birmingham, 202 Ala. 490, 80 South. 874.

[4] Does the complaint aver and claim damages for personal injuries? It avers: ·

"Plaintiff's residence ·by said nuisance was rendered less 'pleasame' and habitable as a place of residence for plaintiff and his family, and plaintiff at his said residence and within the curtilage thereof, was compelled to inhale unpleasant, vile, offensive and unhealthy odors, gases and smoke from said garbage, trash or débris, and was made sick and greatly vexed, harassed and annoyed and suffered great mental pain and anguish, all to his damage, $5,000, wherefore he sues."

This court has said that—

"Any condition which creates annoyance and inconvenience to a man in his home is an offense against his person—a personal injury." Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, 62 South. 40.

This complaint clearly avers and claims damages for personal injuries. Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, 62 South. 40. It fails to aver a compliance with section 12 of the act of 1915, p. 298, by alleging a sworn statement of the personal injury within 90 days from the receipt of it was filed with the clerk of the defendant, as the statute requires. This was necessary; failure to do so renders the complaint demurrable. Grambs v. City of Birmingham, 202 Ala. 490, 80 South. 874.

[5] It is true charges 4 and 6 requested in writing by defendant were given by the court. The former directed no damages for any personal injuries, and the latter no damages for mental pain or anguish, could be awarded plaintiff, if any, by the jury. Still the

207 Ala.—6

court refused written charge numbered 5, which directed the jury that they cannot award plaintiff any damages for vexation, harassment, or annoyance which he may have suffered, if you believe from the evidence he suffered any vexation, harassment or annoyance. There could be no recovery for vexation, harassment or annoyance of plaintiff, if any, by the alleged nuisance, as there was no averment and no proof that a sworn statement of such injuries was filed with the clerk of the city as the statute requires. This charge, No. 5, should have been given by the court.

[6] The measure of damages for injuries to the home or residence by such alleged nuisances was declared in Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, 62 South. 40, as follows:

"With this information before them it is then for the jury to say what, in money, would represent the difference between the value of plaintiffs' property for said twelve months as a home with and without said odors and vapors."

Hence written charges 3 and lettered A and B, asked by the defendant, and refused by the court, should have been given. They follow the rule for measure of damages to the home or residence. Under this complaint no personal injury damages could be established or recovered, as there was no averment and no proof of compliance with section 12 of the act of August 20, 1915 (Gen. Acts 1915, p. 290). This made charges 3, A, and B good if the complaint had averred a compliance with said section 10 of said act of August 20, 1915.

[7] The defects in the complaint are not cured by rule 45 (61 South. ix [2]). We find no place in this case for its curing qualities. There is no evidence showing sworn statement of personal injuries was filed with the clerk of defendant; hence no damages for personal injuries are recoverable. Therefore charges 4 and 6 were properly given, and charge 5 wrongfully refused. The oral charge of the court, the given written charges, and the refused written charges are not in harmony as to the damages to the home or person of plaintiff. The oral charge of the court is as follows:

"If you find from the evidence and are reasonably satisfied therefrom that the plaintiff did suffer the injuries complained of within the time that he complained of, his property was lessened in value as alleged therein, the plaintiff would be entitled to compensation for the injuries which he sustained and his property sustained. When I say he sustained I refer to both the property, his home, as well as himself physically."

This permits damages to be assessed by the jury for injuries to the property—home or residence—and to plaintiff physically. It

[2] 175 Ala. xxi.

does not separate them. This permits personal injury damages. Given written charges 4 and 6 direct the jury not to award damages for mental pain and anguish and personal injuries. The oral charge of the court and these given charges in writing do not harmonize. They are not in accord. Charges 3, A, and B, requested in writing by defendant, which state the rule for measure of damages to the home as the law requires, were refused by the court.

Hence that defect in the complaint, failing to aver that statement of the claim was filed with the clerk of defendant more than 10 days before suit was commenced, which would render the complaint good as to damages to the home or residence, is also not cured by rule 45 on account of the want of harmony in the law on that subject, as given to the jury by the court orally, and refused to the jury at written request of defendant by charges 3, A, and B.

We have considered all errors assigned and insisted on in argument of appellant, and for the errors committed by the court below, as indicated by this opinion, the case is reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

GARDNER, J., dissents.