(92 South. 898)

## JONES v. CITY OF BIRMINGHAM.
### (6 Div. 592.)

(Supreme. Court of Alabama.   Dec. 22, 1921.)

**Municipal corporations** ⬤⟞741 (1) — **Claim against city for damages from a nuisance must be presented under statute.**

A claim against a city for damages caused by a nuisance must be presented to the city before suit thereon, under Acts 1915, pp. 297, 298, §§ 10, 12.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by W. K. Jones against the City of Birmingham for damages for maintaining a nuisance. From a judgment sustaining demurrers to the complaint, plaintiff suffers a nonsuit, and appeals. Affirmed.

The following is the complaint:

Plaintiff claims of the·-defendant $5,000, as damages, for that heretofore, to wit, during the year last past, or a large part thereof, defendant has dumped and maintained large quantities of garbage, trash, and débris in or close to the residence of plaintiff and others in a community in Jefferson county, Alabama, in or near the city of Birmingham, Alabama, thickly populated, which garbage, trash, or débris presented an unsightly appearance and emitted unpleasant, vile, offensive, or unhealthful odors, gases, or smoke, which was borne to plaintiff's said residence in such sort that same was a nuisance, and defendant thereby maintained a nuisance as aforesaid, from which nuisance plaintiff suffered' special damages; and plaintiff avers that as a proximate consequence of the maintenance of said residence, which was in Jefferson county, Alabama, in or near the city of Birmingham, and at or near the intersection of Thirty-Eighth street and Forty-First avenue, was rendered less pleasant and habitable as a place of residence for plaintiff and his family, and plaintiff, at his said residence and within the curtilage thereof, was compelled to inhale unpleasant, vile, offensive, or unhealthful odors, gases, or smoke from said garbage, trash, or débris, and was made sick, and was greatly vexed, harassed, and annoyed, and suffered great mental pain and anguish, all to his damage $5,000; wherefore he sues.

This complaint, or a copy thereof, was filed with the city clerk and signed as follows:

Undersigned, clerk of the city of Birmingham, or official corresponding thereto, acknowledges that the foregoing claim' was filed with him, and that he, as such clerk, received a copy of the foregoing on this 9th day of August, 1917.

G. B. Lloyd.

Filed in office this the 20th day of August, 1917.

The complaint was afterwards amended on May 16, 1921, by adding at the end thereof the following:

Plaintiff further avers that he filed in writing with the city clerk of the defendant municipal corporation, within one year from the accrual of the same cause of action sued on in this case, and more than 10 days before the filing of this suit, to be by said clerk presented to the . governing body of said city, a statement of said claim herein sued on.

Further amendments were made, not necessary to be here set out. Demurrers raise the question that it did not allege in the complaint that within 90 days from the time plaintiff claimed to have suffered the injuries complained of he filed or caused to be filed with the clerk of the city of Birmingham, or other officer corresponding thereto, a sworn statement, as required in such cases. Defendant also filed other demurrers, not necessary to be here set out.

Harsh, Harsh & Harsh, of Birmingham, for appellant.

Plaintiff's claim, not being for personal injuries, but growing out' of a nuisance, is not within the terms of the statute. Acts 1915, p. 298, § 12. And, this section being in derogation of the common law, it must be strictly construed. (Tex. Civ. App.) 216 S. W. 208; 128 Mich. 650, 87 N. W. 894; 106 Wash. 608, 181 Pac. 43; 163 App. Div. 676, 148 N. Y. Supp. 966; 109 App. Div. 424, 96 N. Y. Supp. 704; 97 App. Div. 480, 90 N. Y. Supp. 744; 175 N. Y. 346, 67 N. E. 623; 73 Wis. 380, 41 N. W. 407; 102 Me. 197, 66 Atl. 390, 10 L. R. A. (N. S.) 249, and .note.

W. J. Wynn, of Birmingham, for appellee.

The court properly sustained demurrers, raising the point of failure to file sworn statement of injuries. Acts 1915, p. 298; 182 Ala. 633, 62 South. 40; 12 Ala. App. 431, 68 South. 566; 188 Ala. 292, 66 South. 100, L. R. A. 1915C, 450; 2 Ala. App. 652, 56 South. 830; 161 Ala. 253, 49; South. 813; 152 Cal. 279, 92 Pac. 640; 86 Wash. 305, 150 Pac. 422; 88 Wis. 618, 60 N. W. 1054; post, p. 79, 92 South. 7.

THOMAS, J.   The appeal is upon the record, after nonsuit taken. The judgment entry and bill of exceptions shows that plaintiff deemed it had become necessary, and suffered a nonsuit for and on account of the "ruling of the court in sustaining defendant's * * * demurrers to the plaintiff's complaint as amended," and by bill of exceptions reserved "for the decision of the Supreme Court of Alabama the said ruling or decision of said court." Paterson & Edey Lumber Co. v. Bank of Mobile, 203 Ala. 536, 84 South. 721, 10 A. L. R. 1037.

It is admitted that, if statutory compliance is applicable, presentation of claim for personal injury, such as averred, against a municipality, is a condition precedent to re-

---

covery. Acts 1915, pp. 297, 298, §§ 10, 12. Appellant insists that such statute does not apply to an injury, the proximate result of that nuisance described in the complaint. After a re-examination of the question presented by demurrer in the instant case, we are of opinion that the decision in Birmingham v. Prickett (Ala. Sup.) 92 South. 7,[1] has application and supports the ruling of the trial court. No good reason is found in the statute or decisions of this and other courts causing us to depart from the former ruling.

Affirmed.

All the Justices concur.