(103 So. 595),

### CITY OF BIRMINGHAM v. INGRAM.
### (6 Div. 375.).

(Court of Appeals of Alabama. Oct. 28, 1924.. Rehearing Granted Dec. 16, 1924. Rehearing Denied Jan. 13, 1925.)

1. **Municipal corporations ⊚➞741(1) — Complaint held to allege claim for injuries to realty.**

Complaint, averring that plaintiff's residence was, by nuisance complained of, rendered less pleasant and habitable as a place of residence for plaintiff and his family, *held* to assert claim for injuries to the realty, thus dispensing with necessity of complying with Acts 1915, p. 298, § 12, as to filing of statement of claims for personal injuries with city clerk within certain time.

2. **Municipal corporations ⊚➞741(1) — Averments held to claim damages to realty as distinguished from personal injuries.**

Averments that plaintiff's residence was rendered less valuable to plaintiff as a home during continuance of alleged nuisance, and that plaintiff lost large part of the value of his residence as a home during such time, *held* to claim damages to the realty, as distinguished from claim for personal injuries within Acts 1915, p. 298, § 12, as to filing statement of claim.

3. **Municipal corporations ⊚➞742(4) — Complaint for damages to realty from nuisance held to show presentation of claim.**

Complaint for damages to realty arising from nuisance maintained by defendant municipality *held* to show compliance with Acts 1915, p. 297, § 10, as to presentation of claim for damages to city clerk within certain time.

4. **Pleading ⊚➞248(9) — Allowing amendment to complaint by adding counts held not error as constituting departure.**

In suit for damages from nuisance maintained by defendant municipality, where original complaint sought to recover damages both for injuries to realty and for personal injuries, allowing amendment by adding counts averring damages to the realty *held* not error under Code 1907, § 5367, as constituting departure.

5. **Municipal corporations ⊚➞741(2).— Claim for damages for injuries to person and realty held admissible when sufficient as to damages to realty.**

Where, in suit for damages for injuries to person and to realty arising from nuisance maintained by defendant municipality, claim for personal injuries was abandoned, statement, filed by plaintiff with city clerk, and which as to the claim for damages to realty

complied with Acts 1915, p. 297, § 10, was admissible, as that part of claim for personal injuries could be disregarded.

**6. Nuisance** ⬤⟳50(2) — **Tenant's measure of damages for nuisance, stated.**

A tenant's measure of damages arising from nuisance maintained by a municipality *held* to be difference in rental value of property during time of nuisance with and without the effects of the nuisance.

### On Rehearing.

**7. Nuisance** ⬤⟳50(7)—**Damages awarded to tenant for nuisance held not excessive.**

In suit by tenant for injuries to realty arising from nuisance maintained by defendant municipality, wherein it appeared rent paid for leased premises was $5 per month, $25 awarded plaintiff as damages *held* not excessive, where injury covered period from latter part of April or the first of May to 9th of August of same year.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action for damages by L. V. Ingram against the City of Birmingham for maintaining a nuisance. Judgment for plaintiff, and defendant appeals. Affirmed on rehearing.

Certiorari denied by Supreme Court in Ex parte City of Birmingham, 212 Ala. 552, 103 So. 599.

Counts 3 and 4 of the complaint are as follows:

"Count 3. Plaintiff claims of the defendant $5,000, as damages for that heretofore, to wit, during the year next preceding the filing of his claim with defendant on, to wit, the 9th day of August, 1917, or a large part thereof, defendant dumped or maintained large quantities of garbage, trash, and débris in or close to the residences of plaintiff and others in a community in Jefferson county, Ala., in or near the city of Birmingham, thickly populated, which garbage, trash, or débris presented an unsightly appearance and emitted unpleasant, vile, offensive, or unhealthful odors, gases, or smoke, which were borne to plaintiff's said residence in such sort that same was a nuisance, and defendant thereby maintained a nuisance as aforesaid, from which nuisance plaintiff suffered special damages; and plaintiff avers that as a proximate consequence of the maintenance of said nuisance plaintiff's said residence, which was in Jefferson county, Ala., in or near the city of Birmingham, and at or near the intersection of Tennessee road and Thirty-Seventh avenue, was rendered less pleasant and habitable as a place of residence for plaintiff and his family.

"Plaintiff avers that he filed in writing with the city clerk of the defendant municipal corporation, within one year from the accrual of the same cause of action sued on in this case, and more than ten days before the filing of this suit, to be by said clerk presented to the governing body of said city, a statement of said claim herein sued on."

Count 4 is the same as count 3, with the addition of the following to the averment of special damages:

"And" plaintiff's residence "was rendered less valuable to plaintiff as a home during said time; and plaintiff lost a large part of the value of said place, as a home during said time, wherefore he sues."

W. J. Wynn and W. M. Woodall, both of Birmingham, for appellant.

Failure to allege that a sworn statement of injuries was filed with the city clerk as required by General Acts 1915, p. 298, § 12, was fatal to the complaint. City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874; Jones v. City of Birmingham, 207 Ala. 48, 92 So. 898. Plaintiff's count 3 claims damages for personal injuries merely. Jefferson Fert. Co. v. Rich, 182 Ala. 633, 62 So. 40; City of Birmingham v. Prickett, supra. The original complaint could not be amended after one year by adding a count for damage to real estate. Springfield F. & M. Ins. Co. v. DeJarnette, 111 Ala. 248, 19 So. 995; Tenn. Co. v. Danforth, 112 Ala. 80, 20 So. 503. The city is not liable for damages to real estate resulting from a nuisance of the character complained of in count 4 in any event, except for the immediate year before presentation of claim for damages. Ala. F. & I. Co. v. Vaughn, 203 Ala. 461, 83 So. 323; Fraser v. Allen & Co., 19 Ala. App. 55, 94 So. 782; Rudolph v. Holmes, 201 Ala. 461, 78 So. 839; Cochrane v. Fuller, 17 Ala. App. 230, 84 So. 403; Sullivan v. North Pratt C. Co., 205 Ala. 56, 87 So. 804; Acts 1915, p. 297, § 10. A purported claim for damages filed with the city clerk is subject to objection, when offered, if it fails substantially to meet the requirements of the statute. Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63. The burden was upon plaintiff both to allege and prove peculiar or special damages in kind, and not in degree merely, sustained by him different from that sustained by the public at large. Walls v. Smith & Co., 167 Ala. 138, 52 So. 321, 140 Am. St. Rep. 24; Sloss Co. v. Johnson, 147 Ala. 384, 41 So. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285; Crommelin v. Coxe & Co., 30 Ala. 318, 68 Am. Dec. 120; Gulf States S. Co. v. Beveridge, 209 Ala. 473, 96 So. 587; B. R., L. & P. Co. v. Camp, 161 Ala. 456, 49 So. 846; M. & O. v. Turner, 209 Ala. 667, 96 So. 707.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The counts upon which the case was tried did not contain averments of personal injury, and it was not necessary that a sworn statement be filed with the city clerk. City of Birmingham v. Prickett, 207 Ala. 79, 92

So. 7; Jefferson Fert. Co. v. Rich, 182 Ala. 633, 62 So. 40; Jones v. City of Birmingham, 207 Ala. 48, 92 So. 898; Steel Cities Chem. Co. v. Jenkins, 17 Ala. App. 221, 84 So. 408. The claim in count 4 is not barred by the statute of one year, and did not constitute a departure. Curry v. Southern Ry., 148 Ala. 57, 42 So. 447. Technical accuracy in claims for damages is not required. McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463. Proof that odors, etc., were emitted from the dump pile was sufficient evidence of damage to plaintiff's residence. Jefferson Fert. Co. v. Rich, supra.

FOSTER, J. Suit was instituted on the 20th day of August, 1917, by L. V. Ingram against the city of Birmingham, a municipal corporation, for damages for injuries sustained by the plaintiff from a dump pile maintained by the city, which the plaintiff claimed was a nuisance. The original complaint contained one count, in which were the following averments:

"Defendant has dumped or maintained large quantities of garbage, trash, and débris in or close to the residence of plaintiff and others in his community in Jefferson county, Ala., in or near the city of Birmingham, Ala., thickly populated, which garbage, trash, or débris presented an unsightly appearance and emitted unpleasant, vile, offensive, or unhealthful odors, gases, or smoke, which was borne to plaintiff's said residence in such sort that same was a nuisance, and defendant thereby maintained a nuisance as aforesaid, from which nuisance plaintiff suffered special damages, and plaintiff avers that as a proximate consequence of the maintenance of said nuisance plaintiff's said residence, which was in Jefferson county, Ala., in or near the city of Birmingham, * * * was rendered less pleasant and habitable as a place of residence for plaintiff and his family, and plaintiff at his said residence and within the curtilage thereof was compelled to inhale unpleasant, vile, and offensive odors, gases, or smoke from said garbage, trash, or débris, and was made sick and was greatly vexed, harassed, and annoyed, and suffered great mental pain and anguish, all to his damage $5,000; wherefore he sues."

Upon the trial on April 3, 1923, the court, on motion of defendant, struck from the said complaint the following averments:

"Plaintiff at his said residence, and within the curtilage thereof, was compelled to inhale unpleasant, vile, offensive, or unhealthful odors, gases, or smoke from said garbage, trash, or débris," and "was made sick and was greatly vexed, harassed, and annoyed, and suffered great mental pain and anguish."

There then remained in the complaint only the following averment with reference to damage suffered by plaintiff:

"From which nuisance plaintiff suffered special damages, and plaintiff avers that as a proximate consequence of the maintenance of said nuisance plaintiff's said residence * * * was rendered less pleasant and habitable as a place of residence for plaintiff and his family."

The court then sustained the demurrers of the defendant to said count 1 of the complaint.

Thereupon the plaintiff, over objection of defendant, amended his complaint by adding counts 2, 3, and 4. The motion of defendant to strike each of said counts was overruled.

The demurrers of the defendant were sustained as to count 2 and overruled as to counts 3 and 4.

The trial was had upon counts 3 and 4, as amended, and the plea of general issue by defendant. There was a verdict for the plaintiff for $100, and judgment entered against the defendant. Thereafter, within time, the defendant filed a motion for a new trial, and upon hearing the court reduced the amount of the judgment from $100 to $25, which remittitur of damages plaintiff accepted, and the court overruled the motion for new trial, to which defendant excepted. From the judgment on the trial, and from the order of the court refusing defendant's motion for new trial, the defendant appeals.

The first assignment of error is directed to the action of the court in overruling defendant's motion to strike counts 3 and 4 as amended.

The appellant contends that count 3 as amended, averring merely that plaintiff suffered special damages in that "his residence was rendered less pleasant and habitable as a place of residence for plaintiff and his family," claims damages for personal injuries merely, and failing to aver compliance with the statutory requirement that within 90 days after the receipt of the alleged injuries or damages "the plaintiff filed with the defendant his sworn statement stating substantially the manner in which the injuries were received, and the day and time and place where said injuries were received, and the amount of damages claimed, and stating with substantial accuracy the house number where the plaintiff resides," deprived the court of jurisdiction of the cause, and that defendant's motion to strike the count on that ground should have been sustained.

Section 12 of Act approved August 20, 1919 (Acts 1915, p. 294), reads as follows:

"No suit shall be brought or maintained nor shall any recovery be had against any such city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and char-

acter of the injury received and the street and house number where the party injured resides."

In a complaint against the city of Birmingham for personal injuries it is necessary that the complaint allege that a sworn statement of such injuries was filed with the city clerk as required by section 12 of Act 1915, supra, as a condition precedent to suit, and without such averment of compliance with the statute, the court is without jurisdiction to try the cause, and the complaint should be stricken on motion of the defendant. Acts 1915, supra; City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7; Jones v. City of Birmingham, 207 Ala. 48, 92 So. 898; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874.

[1] A question for determination is: Does count 3 claim damages for personal injuries merely?

In City of Birmingham v. Prickett, supra, and Jones v. City of Birmingham, supra, the count considered by the court averred, in addition to the averments in count 3 in the instant case (plaintiff's residence by said nuisance was rendered less pleasant and habitable as a place of residence for plaintiff and his family), also the following:

"And plaintiff at his said residence and within the curtilage thereof, was compelled to inhale unpleasant, vile, offensive and unhealthy odors, gases and smoke from said garbage, trash or débris, and was made sick and greatly vexed, harassed and annoyed and suffered great mental pain and anguish, all to his damage," etc.

Justice Miller, speaking for the court in the Prickett Case, supra, said, "This complaint clearly avers and claims damages for personal injuries," citing Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, 62 So. 40. And the court further held that under the complaint no personal injury damages were recoverable as there was no averment and no proof of compliance with section 12 of the Act of 1915, supra. The court in the Prickett Case held that the complaint claimed damages for personal injuries, but did not hold that it did not also claim damages for injury to the home or residence of the plaintiff. Indeed, the court in effect held that it claimed damages for both personal injuries and for injury to the residence or home. The court adopted with approval the doctrine declared in Jefferson Fertilizer Co. v. Rich, supra, that the measure of damages for injuries to the home or residence by such alleged nuisances was:

"What, in money, would represent the difference between the value of plaintiffs' property for said twelve months as a home with and without said odors and vapors."

And quoting from the opinion in the Prickett Case, supra:

"Hence written charges 3 and lettered A and B, asked by the defendant, and refused by the court, should have been given. They follow the rule for measure of damages to the home or residence," and "this made charges 3, A, and B good if the complaint had averred a compliance with said section 10 of said Act of August 20, 1915."

If the complaint in the Prickett Case did not claim damages for injury to the home or residence, then the charges referred to setting out the rule for measure of damages to the home or residence would not have been applicable. As the court held that such charges were applicable, it necessarily held that the complaint claimed damages for injuries to the home or residence. Otherwise, the charges would have been abstract. In conformity with the above, we hold that the averment in the complaint that "plaintiff's residence by said nuisance was rendered less pleasant and habitable as a place of residence for plaintiff and his family" asserts a claim for damages for injuries to the residence. As the said count 3 claimed damages for injuries to the residence, section 12 of the Act of 1915, supra, referring to presentation of claims for personal injuries, did not apply.

[2] The averments of count 4 that plaintiff's residence "was rendered less valuable to plaintiff as a home during said time; and plaintiff lost a large part of the value of said place, as a home, during said time, wherefore he sues," claim damages to the realty of plaintiff.

[3] The city of Birmingham is not liable for damages to real estate resulting from a nuisance of the character complained of in counts 3 and 4, in any event, except for the year immediately preceding the 10 days before presentation of the claim for damages to the city clerk. City of Birmingham v. Prickett, supra.

Section 10, Acts 1915, p. 294, reads as follows:

"Sec. 10. Except as herein otherwise provided, all claims against such cities (except bonds and interest coupons, and claims under written contracts for the payment of money signed by the city) shall be filed with the city clerk or the city officer corresponding thereto, within one year from the accrual thereof to be by him presented to the governing body of such city or the same shall be barred; and no claim against such cities shall be sued on until ten days after a statement of same has been filed with the city clerk."

The complaint (counts 3 and 4) complied with the statutory requirement (section 10, Act 1915, supra) in averring the presentation of the claim for damages to the city clerk within one year from the accrual thereof, and suit was not brought until 10 days after statement was filed with the city clerk.

[4] It is contended by appellant that the original complaint, to recover damages for

the 'nuisance alleged, claimed personal damages merely, and cannot after one year after the institution of the suit be amended by adding a count for injuries to real estate, which is barred by the statute of limitation of one year.

We have held above that the original complaint, which sought to recover damages for the alleged nuisance, claimed damages for the alleged injuries to realty and also for personal injuries.

Section 5367, Code 1907, reads as follows:

"The courts must, whilst the cause is in progress, amend all and every such imperfection and defect of form, on motion of the party, without costs and without delay, unless injustice will thereby be done to the opposite party, and must permit the amendment of the complaint by striking out or adding new parties plaintiff, or by striking out or adding new parties defendant, or by striking out or adding new counts or statements of the cause of action, which could have been included in the original complaint or plea, and such amendment shall relate back to the commencement of the suit, and it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, so long as they refer to the same transaction, property and title and parties as the original, and where this is not apparent on the averments of the pleading, it shall be a question of fact for the jury."

In the case of Ballenger v. Ballenger, 205 Ala. 595, 88 So. 826, the Supreme Court of Alabama said:

"This court has said there was no departure or prejudice by a substitution for a defective count, so as to allege the same matters effectively. The original complaint contained counts of like kind and, although it was defective, 'there was no error or injury in allowing the original counts to be stricken or abandoned and new ones added.' * * * Such amended complaint related back to the time of filing the original complaint, if it set up no new cause of action, as to which the original complaint did not inform and stop the running of the statute of limitations."

There was no error in allowing the complaint to be amended by adding counts 3 and 4. There was no departure. The original complaint contained a count of like kind. The amended complaint related back to the time of filing the original complaint; "it set up no cause of action as, to which the original complaint did not stop the running of the statute of limitations."

[5] The claim filed with the city clerk was the original complaint containing one count which claimed damages both for personal injuries and for injuries to the home or residence; that part of the claim for personal injuries was required to be sworn to (section 12, Act 1915, supra), but the claim for injuries to realty was not required to be sworn to (section 10, Act 1915, supra). In the instant case the claim for damages for personal injuries was abandoned on the filing of counts 3 and 4, and that part of the claim may be disregarded. The claim for damages for injuries to the home or residence was sufficient, and the court did not err in allowing its introduction in evidence.

[6] The plaintiff was renting the house in which he lived, paying a rental of $5 a month. He first noticed the smell from the dump, the nuisance complained of, the latter part of April or first of May, 1917, notice of claim was handed the city clerk on August 9, 1917, and the suit was filed on August 20th. The only evidence as to the rental was that the plaintiff was paying $5 a month. The plaintiff was a tenant, and his measure of damages was the difference in the rental value of the property during the time of the alleged nuisance with and without the effects of the nuisance. It was incumbent upon the plaintiff to show, not only injury to the property, but to adduce some proof from which the jury could measure that injury in money.

The evidence supplied no basis for an estimation of the plaintiff's damage, and the court erred in refusing the general affirmative charge requested by the defendant.

For the error indicated, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

## On Rehearing.

Upon further consideration we conclude that there was evidence, which, if believed by the jury, justified a verdict for the plaintiff, and that the affirmative charge for the defendant was properly refused.

[7] One of the grounds of the motion for new trial was that the amount of damages assessed against the defendant was excessive. "Since the plaintiff was confined in any recovery he might have to the assessment of damages merely representing the difference in rental value of his property with and without the effects of the alleged nuisance for the period of time as shown by the evidence, his property was so affected, namely, from the latter part of April, 1917, to the 9th day of August, 1917, and it being undisputed from the evidence that the rental value of said property during said time was $5 per month." The evidence was without conflict as to the rental of $5 per month, and as to the period of the injuries claimed from the latter part of April or first of May, 1917, to the 9th of August, 1917.

The judgment for $25 is not excessive.

The judgment of reversal is set aside, and the application for rehearing granted, and the judgment of the lower court is affirmed.