(103 So. 599)

### Ex parte CITY OF BIRMINGHAM.

### CITY OF BIRMINGHAM v. INGRAM.

#### (6 Div. 346.)

(Supreme Court of Alabama. March 26, 1925.)

1. **Municipal corporations** ⚖➫741(1) — **Complaint held to allege claim for injuries to realty.**

Complaint against municipality for damages from nuisance *held* to allege claim for injuries to realty, as respected necessity of filing claim within 90 days as required in case of personal injuries.

2. **Nuisance** ⚖➫72—**Party injured by public nuisance may recover special damages.**

A party injured by public nuisance may recover special damages beyond those suffered by the public generally.

3. **Nuisance** ⚖➫72—**Diminution of rental value of premises constituted special damages.**

Diminution of rental value of leased premises arising from nuisance constituted special

damages peculiar to lessee, and beyond that suffered by the public generally.

### Certiorari to Court of Appeals.

Petition of the City of Birmingham for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of City of Birmingham v. Ingram, 103 So. 595. Writ denied.

Charge 10, refused to defendant, is as follows:

"The court charges the jury that you cannot find for the plaintiff unless you believe from the evidence that his home was damaged by reason of the existence of the alleged nuisance, which damage was of such nature that plaintiff suffered the same peculiarly, as distinguished from any like damages which the general public in that same locality may have suffered by reason of said nuisance existing."

W. J. Wynn and W. M. Woodall, both of Birmingham, for petitioner.

Count 3 asserts a claim of damages for personal injuries only. Jefferson F. Co. v. Rich, 182 Ala. 633, 62 So. 40; Yolande C. & C. Co. v. Pierce, 12 Ala. App. 431, 68 So. 566; City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7. It was error to refuse to charge 10. Walls v. Smith & Co., 167 Ala. 138, 52 So. 321, 140 Am. St. Rep. 24; Sloss Co. v. Johnson, 147 Ala. 384, 41 So. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285; Crommelin v. Coxe & Co., 30 Ala. 318, 68 Am. Dec. 120; Gulf States S. Co. v. Beveridge, 209 Ala. 473, 96 So. 587.

Harsh, Harsh & Harsh, of Birmingham, opposed.

Brief of counsel did not reach the Reporter.

SAYRE, J. Two objections are taken to the opinion of the Court of Appeals in this case:

[1] 1. As stated by the Court of Appeals, the third count of the complaint alleged that the nuisance complained of, a pile of garbage, trash, and débris dumped and maintained by defendant, caused special damage, in that "his residence was rendered less pleasant and habitable as a place of residence for plaintiff and his family." The Court of Appeals held this to be the allegation of injury to plaintiff's interest in his residence and so unaffected by the statute which requires the filing of claims for personal injuries within ninety days. This decision is said to be at variance with the ruling of this court in Birmingham v. Prickett, 207 Ala. 79, 92 So. 7.

But the count considered in that case, in addition to the allegation quoted above, alleged that—

"Plaintiff at his said residence, and within the curtilage thereof, was compelled to inhale unpleasant, vile, offensive and unhealthy odors, gases and smoke from said garbage, trash or débris, and was made sick," etc.

The Court of Appeals in this case has shown that "the court" (meaning this court) "in the Prickett Case held that the complaint claimed damages for personal injuries, but did not hold that it did not also claim damages for injury to the home or residence of the plaintiff," and, accordingly, held that the count claimed damages for injuries to the residence and allowed a recovery on that theory. In this we think the Court of Appeals ruled correctly.

[2, 3] 2. In the second place, it is insisted that the trial court erred in refusing charge 10 requested by defendant, which is shown in the report of this case. On this subject the Court of Appeals had nothing to say; but the opinion of the court states facts which, in connection with the right record, enables this court to say that there was no error in the action of the trial court. It was alleged in the complaint that the nuisance complained of was "in or close to the residence of plaintiff and others in his community, * * * thickly populated," and petitioner, appellant, defendant in the trial court, insists that plaintiff showed no damage beyond that suffered by the general public, no injury peculiar to himself or his property, and for that reason should not have been allowed to recover, citing Walls v. Smith, 167 Ala. 138, 52 So. 320, 140 Am. St. Rep. 24; Sloss-Sheffield Co. v. Johnson, 147 Ala. 384, 41 So. 907, 8 L. R. A. (N. S.) 226, 119 Am. St. Rep. 89, 11 Ann. Cas. 285; Gulf States Steel Co. v. Beveridge, 209 Ala. 473, 96 So. 587; and Crommelin v. Coxe, 30 Ala. 318, 68 Am. Dec. 120.

The holding of these cases and numerous others of like character is that a party injured by a public nuisance may recover for special damages beyond those suffered by the public generally. It will suffice to say, in this connection, that when plaintiff proved a diminution of the rental value of the property occupied by him under lease, he proved a special damage peculiar to himself and beyond that suffered by the public, and was entitled to recover on that ground, as the cases cited abundantly show.

Certiorari denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.