159 So. 201

## CITY OF BIRMINGHAM v. ESTES.

### 6 Div. 548.

Supreme Court of Alabama.

Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

Horace O. Wilkinson, of Birmingham, for appellee.

W. J. Wynn and Leigh M. Clark, both of Birmingham, for appellant.

KNIGHT, Justice.

This action was commenced against the city of Birmingham, and the commissioners of said city, but was subsequently amended by striking all parties defendant except the city of Birmingham.

The cause was tried on counts A and B added by amendment.

It is averred in count A that plaintiff in June, 1931, owned and was in possession of certain real property in the city of Birmingham, upon part of which his residence was located, and the residue of the property consisted of lots which were vacant.

It is averred that all of this property was in close proximity to a natural waterway known as Valley creek; that during said month of June, 1931, the defendant caused the channel of said creek to be changed and a new channel constructed; that said new channel "was and is permanent"; that the flow of said water was permanently transferred and diverted from the "old creek channel" to the new channel; that the old channel was filled in or destroyed after the diversion of the water from the old to the new channel was accomplished.

It is further averred that this new channel "was and is permanently insufficient to carry the drainage water and that by reason and as a proximate consequence of the permanent smallness and permanent insufficiency of said new channel, plaintiff's said property is flooded and subjected to overflow from same." Then follows averments as to the injuries and damages to his property, and personal injuries sustained by him, resulting proximately from the said acts of the defendant.

Count B is identical in language with count A, with the added averment: "Plaintiff avers that the defendant negligently constructed or negligently maintained said small and insufficient new channel and as a proximate consequence of said negligence plaintiff sustained the injury and damage complained of."

The evidence for plaintiff tended to show that, following the construction of the channel and the change in the channel of Valley creek, plaintiff's property was overflowed at times, especially when rainfall would amount to as much as an inch; that such conditions did not obtain prior to the change made in the channel of the creek.

We think the evidence for plaintiff was sufficient to carry the case to the jury, unless it be that there was a variance between the allegations of plaintiff's complaint as to the cause of the overflow and the cause as proved at the trial.

Under the evidence we do not think a variance was presented. Without doubt, the defendant changed the channel of Valley creek, and diverted the water, which customarily flowed through the old channel, into this new channel. The evidence tended to show that in straightening the creek, and in taking out the curves, the water collecting in the new channel flowed down the same with much greater rapidity. It then had a straight course, with no obstacles to impede its progress or to hold it back. The evidence further tended to show that at a given point, after passing plaintiff's property, the new channel stopped, and the outlet was insufficient to accommodate the water collected in the new channel, causing it to overflow plaintiff's property. If this was true, the defendant would be liable as for constructing or maintaining a channel insufficient to accommodate the water. Defendant would have no right to divert water from its regular channel and flow, and leave it at any given point without further outlet, or with an insufficient one, to the hurt of another. Arndt v. City of Cullman, 132 Ala. 540, 31 So. 478, 90 Am. St. Rep. 922; Sisco v. City of Huntsville et al., 220 Ala. 59, 124 So. 95; City of Birmingham v. Flowers, 224 Ala. 279, 140 So. 353; City of Birmingham v. Greer, 220 Ala. 678, 126 So. 859. While the above cases relate specifically to the construction of sewers, or culverts, yet the principles of law underlying the case now before the court and the cited cases are the same.

In the case of City of Eufaula v. Simmons, 86 Ala. 515, 6 So. 47, it was held that, if a municipal corporation, in the construction of ditches and sewers in the improvement of its streets, causes a large quantity of rainwater, which naturally flowed in another direction, to be diverted to flow on the plaintiff's property in destructive quantities, the defendant corporation would be liable therefor, whether the work was done negligently or not, and a fortiori the defendant would be liable when such ditches and drains have been constructed in a negligent manner. In this respect a corporation stands on the same footing as a private individual, and incurs the same liability. 10 Amer. & Eng. Ency. Law (2d Ed.) 350–352. See, also, Nashville, C. & St. L. Ry. Co. v. Yarbrough, 194 Ala. 162, 69 So. 582.

In 24 Amer. & Eng. Ency. Law, 946, 947, the principle is thus stated: "The accumu-

lation in one channel of a large volume of water by the act of the city, places upon it the duty to see to it that. suitable provision is made for the escape of the water into natural water courses or other channels which will carry it off without injury to private property; and if by reason of the insufficiency of the drain or sewer provided, the accumulated waters are cast upon private property to its injury, the city must respond * * *. If surface water is collected in gutters and made to flow to the mouth of a sewer, where by reason of the insufficiency of the sewer, it accumulates in large quantities and then flows back upon private property, the municipality must respond in damages."

The case made by the evidence and its' reasonable tendencies was one requiring it to be submitted to the jury. We do not think there was, as insisted by appellant in brief, a substantial variance between the "nature and elements of plaintiff's cause of action as alleged in his pleadings, and as proved at the trial." The defendant was not, therefore, entitled to the general affirmative charge in its behalf.

The court in its oral charge to the jury instructed them that, in estimating the damages, in the event they found for plaintiff, they could take "into consideration any trouble, annoyance, inconvenience, or embarrassment, proximately caused by reason of any overflow of his home place; also the difference, if any, between the reasonable market value of the property before the construction of the drain or sewer and the reasonable market value after the construction of the drain or sewer." This charge ordinarily was a correct statement of the law, but not so as applied to the facts in this case, as we shall now point out. It does not appear that the defendant reserved an exception to any portion of the court's oral charge.

It seems to be well settled by our decisions that any condition which creates annoyance and inconvenience to a man in his home is an offense against his person, a personal injury. Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, 62 So. 40; City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7; Jones v. City of Birmingham, 207 Ala. 48, 92 So. 898.

It is equally well settled that a recovery may be had in such a case as is now before us, for annoyance and inconvenience to an owner in the enjoyment of his home, due to an actionable overflow of his premises. That

such annoyance and inconvenience constitute proper elements of damages we entertain no doubt. City of Birmingham v. Greer, supra; City of Birmingham v. Prickett, supra; City of Eufaula v. Simmons, supra; Birmingham Water Works v. Watley, 192 Ala. 520, 68 So. 330; Alabama Water Co. v. Barnes, 203 Ala. 101, 82 So. 115.

However, Gen. Acts 1915, p. 298, § 12, provides: "No suit shall be brought or maintained nor shall any recovery be had against any such city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides."

It does not appear from the evidence that such a statement was filed with the city clerk of Birmingham within 90 days from the "receipt" of the injury complained of in this case.

The defendant requested in writing the following charge, which for convenience we have numbered 1 on the record: "If you believe the evidence, you cannot award the plaintiff anything for annoyance."

The defendant also requested in writing the following other charge, which we have numbered for convenience B: "If you believe the evidence, you cannot award plaintiff anything on account of inconvenience, if any."

The court refused these charges, as well as other charges as to trouble and embarrassment, and other personal injury claims, which, under proper proof, would constitute proper elements for damages.

In these rulings the court committed manifest error, which will necessitate a reversal of the cause. Authorities supra.

The plaintiff, in brief, insists that, inasmuch as the court in its oral charge had instructed the jury contrary to the instructions contained in the special charges, and there was no exception to the oral instruction, the court will not be put in error for refusing to give these special charges.

The court did not properly instruct the jury as to the proper elements of dam-

age in the case, when it included personal injuries among the recoverable elements, and the defendant's special charges should have been given, whether they were, or were not, inconsistent with the court's oral charge. The authorities cited by appellee do not conflict with this holding, unless it be the Texas case of Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920, which we are not disposed to follow.

Under the evidence, we do not feel that we would be justified in holding that the refusal of the designated special charges was error without injury.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.