168 So. 424

## MADDOX v. CITY OF BIRMINGHAM.

### 6 Div. 860.

Supreme Court of Alabama.
May 21, 1936.

384

John T. Batten and James Esdale, both of Birmingham, for appellant.

Clarence Mullins and Harvey T. Deramus, both of Birmingham, for appellee.

THOMAS, Justice.

Demurrer was sustained to the several counts of the complaint and there was a nonsuit and appeal.

The ground on which the demurrer was sustained was that the injury and damage sued for was caused while the defendant was engaged in the exercise of a governmental function, and was not at such time and by such act engaged in a corporate and ministerial capacity.

The manufacture, repair, or operation of a street sweeper or street sweeping machine is a governmental function, and injuries resulting therefrom may not be made the basis of recovery in tort and damages. Densmore v. City of Birmingham, 223 Ala. 210, 135 So. 320 (involving a street sweeper); Williams v. City of Birmingham et al., 219 Ala. 19, 121 So. 14 (negligent shooting of plaintiff's intestate by a caddy master); City of Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771 (driver of a trash wagon); Kirk v. McTyeire, Mayor, et al., 209 Ala. 125, 95 So. 361 (injunction to restrain, pendente lite, city authorities from proceeding with their design to have an incinerator constructed); Long v. City of Birmingham, 161 Ala. 427, 49 So. 881, 18 Ann.Cas. 507 (damages sustained by a fireman of the city of Birmingham); Harris, pro ami. v. District of Columbia, 256 U.S. 650, 41 S.Ct. 610, 65 L. Ed. 1146, 14 A.L.R. 1471 (street sprinkling, as a governmental function); 43 C.J. pages 972, 973, 1174; 19 R.C.L. 1128, § 406; Mayor, etc., of City of Savannah v. Jordan, 142 Ga. 409, 83 S.E. 109, L.R.A.1915C, 741–747; Haley v. Boston, 191 Mass. 291, 77 N.E. 888, 5 L.R.A.(N.S.) 1005; Johnson v. City of Somerville, 195 Mass. 370, 81 N.E. 268, 10 L.R.A.(N.S.) 715; City of Fort Worth v. Crawford, 64 Tex. 202, 53 Am.Rep. 753.

The trial court was supported by the foregoing authorities in sustaining the demurrer to the several counts of the complaint. The several counts were subject to the demurrer directed thereto for failure of observance of the statute, and failure to specifically indicate the place of the accident. Gen.Acts 1915, p. 298, § 12; Jones v. City of Birmingham, 207 Ala. 48, 92 So. 898; City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7, 52 A.L.R. 657, note; City of Birmingham v. Estes, 229 Ala. 671, 159 So. 201, 97 A.L.R. 114, 120, note. See, also, Ex parte City of Birmingham (City of Birmingham v. Ingram), 212 Ala. 552, 103 So. 599; City of Birmingham v. Ingram, 20 Ala.App. 444, 103 So. 595.

It results from the foregoing there was no error in sustaining the demurrer to the several counts of the complaint, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.